**BROWNE et al. v. HANAGRIFF.**
**(No. 8665.)**

(Court of Civil Appeals of Texas. Galveston. March 21, 1925.)

**1. Master and servant ⊙⇒330(3)—Evidence held to support finding truck driver was within scope of employment.**

Evidence *held* to support finding driver of truck, at time of accident, acted within scope of his employment, in furtherance of employer's business.

**2. Master and servant ⊙⇒330(1)—Burden of showing scope of employment stated.**

Proof of employer's ownership of car in connection with proof establishing injuries resulting from the negligent driving of employer's servant establishes a prima facie case against the employer, throwing the burden on him to show that the servant, at the 'time of inflicting the injuries, was not acting within the scope of his employment.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Harry H. Hanagriff, for himself and as next friend of his minor daughter, Hilmer Hanagriff, against John T. Browne and another, doing business under the name of the Browne Commission Company. Judgment for plaintiff, and defendants appeal. Affirmed.

King & Battaile, of Houston, for appellants.

R. H. Holland, B. L. Palmer, and Walter Baird, all of Houston, for appellee.

LANE, J. This suit was brought by appellee Harry H. Hanagriff for himself and as next friend for his minor daughter, Hilmer Hanagriff, against John T. Browne and John M. Browne, doing business under the name of Browne Commission Company, to recover damages alleged to have been suffered by himself and his minor daughter, by reason of injuries to his said daughter by being struck in the city of Houston by an automobile owned by defendants, which was, at the time of the injury, being operated by a servant of defendant, who it is alleged was, at such time, acting within the scope of his employment and in furtherance of his master's business.

The defendants answered by general denial and by a plea of contributory negligence.

The cause was submitted to a jury upon special issues, in answer to which the jury found:

(1) That the driver of the truck, causing the injury, did not, at the time and place of such injury, keep a reasonable lookout in the direction in which he was driving to prevent a collision with pedestrians in his path, and that his failure so to do was negligence and the proximate cause of the injury sustained by Hilmer Hanagriff.

(2) That Hilmer Hanagriff did not discover the approach of the truck which struck her in time, by the use of ordinary care, to have avoided being hit by same.

(3) That at the time Hilmer Hanagriff was struck the truck which struck her was being operated by an employee of the defendants, who at such time was acting within the scope of his employment; that is, that the employee was engaged in the furtherance of his master's business at such time.

(4) That the damage suffered by Hilmer by reason of her injury was $1,250, and that the damage suffered by her father, Harry Hanagriff, was $1,250.

Upon the answers of the jury, judgment was rendered in favor of Hilmer Hanagriff for $1,250 and in favor of Harry Hanagriff, as next friend of Hilmer Hanagriff, for $1,250. In a few days after the rendition of this judgment, plaintiff Harry Hanagriff filed a remittitur, whereby he remitted the sum of $450 from the judgment for $1,250 theretofore rendered in his favor, as next friend of Hilmer Hanagriff. Upon the filing of such remittitur, the court caused the same to be entered in the minutes of the court, and, in said order, it is recited that the judgment heretofore rendered in favor of Harry Hanagriff for $1,250 is reduced by $450, and that the judgment in his favor is to thereafter read that Harry Hanagriff do have and recover of and from Browne Commission Company and John T. Browne and John M. Browne, individually, defendants, the sum of $800 and all costs.

From the judgment as a whole as finally entered, defendants have appealed.

The only question presented for our determination is, Was there sufficient evidence

to support the findings of the jury that the driver of the truck was acting within the scope of his employment at the time of the accident?

[1] That the truck in question was the property of appellants and had been driven by the employee, who was driving it at the time of the accident, for about one year prior thereto for appellants is shown by the undisputed evidence. It is also shown that on the morning of the accident said driver had been informed that some automobile casings which had been stolen from appellants, his employers, were out on Hill street; that he and his informant went out in the truck to Hill street, the place where he had been - informed the casings were located, and, on failing to find the car, which they supposed contained the casings, they drove over to Oden avenue, which is between Hill and Clark streets, and at that point the driver of the truck said to his companion that he believed, while he was out there, he would go out and get his breakfast; that his companion then told him that they had better turn around, because Mr. Browne might be at the office and that there were "No orders up," whereupon the driver said that he would drive down to Schwartz street and turn around; that he went down to Schwartz street, and turned around, and as he was backing up as far as necessary to make the turn he backed his truck against, and injured, Hilmer Hanagriff.

The evidence does not disclose how far the point on Hill street, where the stolen casings were supposed to be, was from the business place of appellants, nor does it disclose the distance from such point to Odin avenue or Schwartz street, where the accident occurred, nor does it show that the driver and his companion had abandoned their search for the stolen casings at any time before they reached practically the point where the accident occurred; for it is made to appear from the testimony of the driver, which is undisputed in any particular, that it was about this point that he concluded he would go get his breakfast, but that, on being told by his companion that they had better return to the office of appellants, he assented to such suggestion, and in attempting to turn around the accident occurred. Witnesses Price and Cronin both testified that they had seen Walker, the driver of the truck, driving the truck up and down Odin avenue a lot of times.

We think the evidence was amply sufficient to support the finding of the jury that the driver of the truck was, at the time of the accident, acting within the scope of his employment and in the furtherance of his employer's business.

[2] While the burden was primarily upon the plaintiff to show that the driver was, at the time of the accident, acting within the scope of his employment, before the plaintiff could recover from the defendants, it has been held that such burden is met when it is shown, as in the present case, that the truck driver, whose negligence caused the injury complained of, was the servant of the defendant, and that the defendant was at the time of the accident the owner of the truck, and that when such a prima facie case is established the burden is upon the defendant, the owner of the truck and the employer of the driver, to prove that the servant was not acting within the scope of his employment when he negligently inflicted the injury complained of.

In Lang Floral & Nursery Co. v. Sheridan (Tex. Civ. App.) 245 S. W. 467, it is said:

"Appellee has filed a motion for rehearing which rests upon a line of authorities not cited in appellee's brief in the cause or called to the attention of the court previous to the filing of appellee's motion for a rehearing.

"These authorities in effect support the proposition that when a defendant's ownership of an automobile is proved in connection with proof establishing that injuries resulted from its being negligently driven by a servant of the defendant, a prima facie case is established, and that the burden is upon the defendant to prove that the servant was not acting within the scope of his employment when he negligently inflicted the injuries. The following authorities are cited in support of this proposition: Studebaker Bros. Co. v. Kitts (Tex. Civ. App.) 152 S. W. 467; Gordon v. Texas & Pacific Merc. & Mfg. Co. (Tex. Civ. App.) 190 S. W. 751; Kahn v. Home Tel. & Tel. Co., 78 Or. 308, 152 P. 240; Huddy on Automobiles (5th Ed.) §§ 671, 673; Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161; Loeb v. Crow et al., 15 Tex. Civ. App. 537, 40 S. W. 506; White v. San Antonio Waterworks Co. et al., 9 Tex. Civ. App. 465, 29 S. W. 256; Missouri Valley Bridge & Iron Co. v. Ballard, 53 Tex. Civ. App. 110, 116 S. W. 99; Texas Compress Co. v. Mitchell, 7 Tex. Civ. App. 234, 28 S. W. 45; Modoc Gold Min. Co. v. Skiles, 13 Colo. App. 293, 57 P. 190.

"An examination and application of the foregoing authorities to the facts of this case establish the conclusion that appellee's proof to the effect that Browning was driving appellant's delivery car at the time of the accident, and that he was appellant's employee, constitutes a prima facie case of liability."

See, also, Pierce-Fordice Oil Ass'n v. Brading (Tex. Civ. App.) 212 S. W. 707.

In the case last cited it is held that, "if a servant's deviation from his instructions amounts to an entire abandonment of the service, the master is not liable for injuries by the servant during such deviation; but if the deviation is a mere incident to a duty of the service, and after termination of it authorized service is resumed, the master is liable," and that "where local manager of company started on trip to post office in company's automobile with another employé

to mail report to company, a duty of his employment, and, after making a stop on the other employé's personal business, started to go on, and negligently injured a pedestrian, the company was liable, though, after mailing the report, he intended to journey on to his home, and though the use of the automobile was after business hours."

It is clear, from what we have said, that we think the judgment should be affirmed, and it is so ordered.

Affirmed.