## MERRYMAN v. ZELENY.
### No. 5190.

Court of Civil Appeals of Texas. Amarillo.
Sept. 16, 1940.

Griffin & Morehead, of Plainview, for appellant.

Ray Cowsert, of Dimmitt, for appellee.

JACKSON, Chief Justice.

This suit was instituted in the County Court of Castro County by the plaintiff, Frank Zeleny, against the defendant, Clyde Merryman, to recover the sum of $363 damages on account of a collision of the defendant's truck with the truck and trailer of the plaintiff.

We shall designate the parties as in the trial court.

The plaintiff alleged that the collision occurred in Castro County and was occasioned by the negligence of the defendant, his servant, agent and employee who operated the truck on the left side of the highway at an excessive rate of speed and failed to keep a proper lookout.

The defendant in due time and in proper form filed his plea of privilege and sought to have the case transferred to Swisher County where he lived and maintained his residence.

The plaintiff promptly filed his controverting affidavit in which he alleges that his suit is based on a crime, offense or trespass committed in Castro County and the county court thereof has venue of

the case under subdivision 9 of article 1995, Vernon's Annotated Civil Statutes.

On September 13, 1939, all parties appeared and announced ready for trial on the plea of privilege. A jury was demanded, selected and impaneled to pass upon the venue facts, the testimony introduced and at the conclusion thereof the court peremptorily instructed the jury to return a verdict in behalf of plaintiff and he rendered judgment overruling the defendant's plea of privilege, from which action of the court this appeal is prosecuted.

The defendant contends by proper assignments that the court erred in directing the jury to find a verdict against him on the venue facts and overruling his plea of privilege because he says the testimony presented fact issues which should have been determined by the jury.

The testimony is sufficient to sustain a finding by the jury that on June 19, 1939, the plaintiff owned a truck with a trailer attached which was parked in Castro County on the right of and off of Highway No. 194, which extends northwesterly, the direction the truck and trailer were going when parked by the driver of the plaintiff; that the defendant owned a truck driven by N. H. Pennington who was traveling the highway in the opposite direction, or southeasterly, on the left or wrong side of the road when he ran into and collided with the truck and trailer of plaintiff which resulted in damages thereto. Mr. Pennington testified that he was a farm laborer and had been working for defendant about five weeks and had done a little of everything about the farm and had driven a truck, a combine and a tractor for defendant, but that his driving the truck had been inconsiderable; that a few nights previous to the collision he had been directed to watch a loading rack at night belonging to the defendant at which place he slept while performing that duty and had been carried there by the defendant or under his direction theretofore but on the night of the 19th there was no one to drive the truck and he was instructed to take it and drive over to the loading rack which he did, arriving there about 9:30 P. M.; that thereafter, the time he does not give, he took the truck and drove over to Hart, a little town about five miles from the loading rack, and on his return from Hart to the loading rack he ran into a truck and trailer. His testimony indicates that he stayed at Hart but a short while and got some matches before starting on his return but does not say he went to Hart for matches. He says he smokes cigarettes and a lantern was used for light at the loading rack. There is no testimony that there were no matches at the loading rack or that he needed matches in the service of his employer or that it was necessary to drive to Hart to obtain matches. There is no testimony that the defendant transacted business at Hart or had any business at Hart or that there was any occasion for Mr. Pennington to abandon his duty at the loading rack and drive to Hart for his employer.

■ Under the law the parties, or either of them, are entitled to have a jury pass upon the venue facts when a plea of privilege is presented. 43 Tex.Jur. 837, para. 104.

■ In order to maintain the venue in Castro County, the burden was on the plaintiff to prove the commission of a crime, offense or trespass; that it was committed in Castro County and that N. H. Pennington was the agent of the defendant and acting within the scope of his authority in order to fix responsibility on the defendant for any damages sustained.

In Edington v. Southern Old Line Life Ins. Co., Tex.Civ.App., 55 S.W.2d 579, 580, the late and lamented Judge Martin said: "In order to establish liability and hold venue against appellee herein, it was indispensably necessary for appellant to prove the coexistence of two facts, namely, (1) that the relation of master and servant existed between appellee and Childers at the time of the occurrence referred to above, and (2) that at such time Childers was acting within the scope of his employment in performing an act for his master's benefit. National Cash Register Co. v. Rider (Tex. Com.App.) 24 S.W.2d 28."

■ The plaintiff contends that having shown that the collision occurred in Castro County, that it constituted a crime, offense or trespass, that the defendant was the owner of the truck and it was driven by his employee at the time the damage was inflicted, a presumption arose that the driver was the agent of the owner acting within the scope of his employment and inasmuch as such presumption was unchallenged by the testimony he had made out a prima facie case on all the facts including liability. The presumption relied on by the plaintiff is not conclusive but may be con-

tested or controverted by admissible facts or circumstances, and if an issue is raised such issue is to be weighed by the trier of the facts in compliance with the rules which prevail in trials generally. 43 Tex.Jur. 859, para. 116; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

 The presumptions arising from the facts relied on are inferences of fact and not of law. Gordon v. Texas & Pacific Mercantile & Mfg. Co., Tex.Civ.App., 190 S.W. 748.

The question before us is not whether the testimony would support a finding by the jury or a finding by the court without a jury, and we must keep in mind that the court directed a verdict on the venue facts and unless these facts were conclusive he committed error.

In the Cyclopedia of Automobile Law and Practice, Blashfield, Perm.Ed., Vol. 9, page 378, § 6066, it is said:

"The force of the presumption as to the status of the driver of a motor vehicle causing injury, arising from the proof or admission of ownership, is that it makes out a prima facie case upon which the plaintiff is entitled to recover unless overcome by testimony to the contrary. This makes it incumbent upon the defendant to offer rebuttable proof in opposition to the plaintiff's case.

"As otherwise expressed, such a prima facie showing will support a verdict in favor of a person injured in a collision, in the absence of substantial proof to the contrary. However, it does not have the effect of shifting the burden to the defendant of proving by a preponderance or greater weight of the evidence that the automobile causing the injury was not being used in his business. It merely amounts to evidence for the jury's consideration."

This announcement of the law finds support in the 43rd Texas Jurisprudence cited supra; English v. Blackwood et ux., Tex. Civ.App., 128 S.W.2d 895; Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W. 2d 307; Dennes v. Jefferson Meat Market, Inc., 228 Ky. 164, 14 S.W.2d 408.

In our opinion the venue facts should have been submitted to the jury for its determination.

It was incumbent upon the plaintiff to prove that the collision for which he seeks to recover damages occurred in Castro County, Texas, in order to maintain venue in said county. The only witness that testified that the collision did occur in Castro County was the plaintiff—decidedly an interested party. It is apparently settled in this state that a court is not authorized to direct a verdict on the testimony of interested witnesses.

In Simmonds et al. v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, 333, Judge Smedley, speaking for the Supreme Court, citing many authorities in support of his announcement, says: "As to the testimony of interested witnesses, the general rule is that, while the jury has no right arbitrarily to disregard the positive testimony of unimpeached and uncontradicted witnesses, the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury. Stated in another form, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict."

The judgment is reversed and the cause remanded.