**M. K. HALL COMPANY, Appellant,**

v.

**Carlos CABALLERO, Appellee.**

No. 3713.

Court of Civil Appeals of Texas.

Eastland.

June 1, 1962.

Rehearing Denied June 22, 1962.

Stafford, Atlas & Spillman, McAllen, for appellant.

Johnson, Hester, Jenkins & Toscano, Harlingen, for appellee.

WALTER, Justice.

Carlos Caballero filed suit against Johnnie Saunders and M. K. Hall Company, a partnership composed of M. K. Hall and Keith Hall, for personal injuries. The plaintiff's damages were alleged to have been sustained by him as a result of a collision between his car and the rear end of Hall's truck, which was parked on the paved portion of the highway at night without lights. Saunders was the truck driver.

The jury found that Saunders was acting within the course of his employment for Hall Company at the time of the collision; that Saunders was under the influence of intoxicating liquor at the time and that such condition was a proximate cause of the collision; that Saunders left his tractor-trailer standing on the paved part of the highway, and that this was negligence and a proximate cause of the collision, and that Saunders turned his lights off at night while parked on the highway, and that this was negligence and a proximate cause of the collision. Judgment was rendered for plaintiff for $10,941.95.

Saunders has not appealed. Hall Company has appealed contending the court erred in entering said judgment because (1) there was no evidence and insufficient evidence to support the submission of the course of employment issue (2) the jury's finding that Saunders was in the course of employment for Hall Company at the time of the collision is against the great weight and preponderance of the evidence (3) there is no evidence or insufficient evidence to support the submission of the issue of plaintiff's decrease in earning capacity and (4) that the jury's finding that the plaintiff's loss of earning capacity was $6,500.00, is against the great weight and preponderance of the evidence. The appellant also contends the court erred in excluding the testimony of Salvador Borreago relative to the damage issue.

Saunders was employed by appellant to haul grain from Portales, New Mexico to purchasers in Texas, New Mexico and California. These deliveries were arranged so that Saunders would haul produce on his return trip to Oklahoma. From Oklahoma, Saunders would return to Portales. Saunders ordinarily made two round trips every seven days.

When Saunders was dispatched with a load of grain on this trip, he was instructed to deliver it to Whitenberg at Alamo, Texas. He was told the day he was to pick up the produce after unloading the grain. He was to deliver the produce within a reasonable time and return to Portales. After Saunders left Portales on this trip, he was not under orders from Hall to report to the home office unless he had trouble. Saunders was to use his own judgment as to the details of his route and times for loading and unloading. He decided how fast to drive and where he would eat and sleep and all other details of his trip. He was furnished expense money before each trip.

On this particular trip Saunders picked up a load of milo at Lariat, Texas. He returned to Portales and had his truck serviced. He left Portales on a Saturday evening about 7:00 o'clock. He arrived at Alamo and delivered the grain on the following Monday morning. While they were unloading the milo, Saunders disconnected the tractor and took it to the Truck Service Center at Pharr for repairs.

He drank beer while his truck was being repaired. While he was at the Do Drop Inn, he called a girl friend and she met him at the tavern. They had a beer and she left. He went back to the garage and waited until the repairs on his truck were completed. After he had done some checking on the grain, and weighed his truck, he returned to Pharr and picked up his girl friend. He was due to pick up a load of lettuce at Weslaco at about 8:00 or 9:00 o'clock that evening. He was unable to get his truck washed out at Pharr and decided he would have it washed at some station on his way to Weslaco. He called the shipper at Weslaco and informed him that he might be late. The shipper instructed him to be there before midnight. So, with his dirty trailer bed and his girl friend, Saunders headed for Weslaco. Saunders testified he asked his girl friend to ride with him to Weslaco where he was to recieve a load of lettuce. She was going along just for the ride. He stopped at a service station between Donna and Alamo and was unable to get his truck washed. He stopped at another station near Weslaco and was unable to get service. He was also unable to get service at the ice house at Mercedes. The record reveals that Mercedes is east of Weslaco and Weslaco is east of Pharr. Saunders testified that he thought about turning around but decided to go to Dooley's Truck Stop in Harlingen. Harlingen is east of Mercedes. While on his way to Dooley's Truck Stop, he saw two trucks parked at a drive-in and stopped and inquired about a place where he could get service. They informed him the only place that they knew was in Harlingen. At this drive-in Saunders picked up some cigarettes and two bottles of beer. He gave one to his girl friend. Saunders and his girl friend also drank some whiskey. He stated, in his opinion, she was intoxicated. Soon thereafter, his girl friend asked him to stop so that she could relieve herself. He stopped the truck and she got out and he scooted down in the seat and went to sleep. Saunders testified that some time after he dozed off, someone started pounding on the side of his truck and admonished him to move his truck off the road. Soon thereafter, the plaintiff's car ran into the rear end of his trailer.

L. S. Hall, Hall Company's manager, testified that Saunders was authorized to have the truck washed and pay for it out of his expense funds; that washing out the trailer bed was customary before picking up eatables, such as lettuce. He further testified, in effect, that when one of his truck drivers was having his truck washed the truck driver was carrying out the business of the company and was doing what he was employed to do; that when a trucker is driving one of his trucks on the highway and is going some place to have his truck washed, after he has unloaded a load of

milo, he is doing a job that he was hired to do.

Hon. Joel Ellis, an assistant District Attorney in Cameron County, said he had talked to Saunders about the accident and testified: "As I recall, they had made a stop in La Feria, bought some beer, and were headed from La Feria towards Harlingen, and Johnnie said that he was looking for a room, meaning a motel room."

Saunders had been employed by Hall about four months as a truck driver. It was conclusively established that at the time of the accident Saunders was an employee of Hall and that the truck he was operating at the time of the accident belonged to Hall. Under these circumstances a presumption arises that Saunders was acting within the course of his employment and in the furtherance of Hall's business. See Eilar v. Theobold, Tex.Civ.App., 201 S.W.2d 237, (No Writ History.).

Appellants take the position in their no evidence points on course of employment that the evidence is so clear, positive, creditable and conclusive that the presumption should be deemed rebutted as a matter of law. Saunders testified he was en route to Dooley's Truck Stop for the purpose of having the company truck washed so he could take on a load of lettuce. Mr. Ellis testified, in effect, that Saunders told him he was looking for a motel room. We have concluded that the testimony did not overcome the presumption, as a matter of law, and this was a fact issue for the jury. Gammill v. Mullins, Tex.Civ.App., 188 S.W.2d 986, (Writ Refused N. R. E.).

Having an unauthorized person with him at the time of the accident and being intoxicated does not establish, as a matter of law, that Saunders was not acting within the course of his employment. Wright v. Maddox, 288 S.W. 560, (Writ Dis.); Central Motor Company v. Gallo, Tex.Civ.App., 94 S.W.2d 821, (No Writ History); Eliar v. Theobold, 201 S.W.2d 237, (No Writ History); Sears, Roebuck and Company v. Jones, Tex.Civ.App., 303 S.W.2d 432, (Writ Ref. N. R. E.).

Appellant's point that there is no evidence to support the jury's finding of $6,500.00 to the issue on appellee's decrease in his future earning capacity cannot be sustained. Appellee was 35 years of age at the time of trial. At the time of his injury he was earning $70.00 per week. After his injury he was earning $55.00 per week. When admitted to the hospital, appellee complained about an injury to his arm and head. He sustained a comminuted fracture of the distal end of the right humerus which was referred to as a "T" type fracture. The fracture extended into the elbow joint. A closed reduction was attempted but was unsuccessful and an open reduction became necessary. This surgery took about two hours. Appellee was in the hospital 7 days and in a cast about 6 weeks. One doctor testified that appellee had between thirty to fifty percent disability to his right arm and that this disability was permanent; that he had only about fifty percent of the normal strength in his right arm; that he had bursitis of the shoulder joint and that his injuries would shorten his endurance and limit his capacity for work. Due to the injuries to appellee's right arm, shoulder and cervical spine one doctor testified, "it is my opinion that he has approximately 20 to 25% disability to the total man considering all factors that involved with this particular individual's age, work and so forth." On cross-examination the doctor testified that the appellee not only suffered a 35% disability as a cook or fountain boy but that this disability would be applicable to any type of work. It was stipulated that a man 35 years of age has a life expectancy of 37.3 years.

Our Supreme Court in McIver v. Gloria, 140 Tex. 266, 169 S.W.2d 710, said: "After a careful investigation of the authorities, we are of the opinion that the trial court correctly instructed the jury to consider

plaintiff's loss of earning capacity. In a personal injury suit the amount which the plaintiff might have earned in the future is always uncertain, and must be left largely to the sound judgment and discretion of the jury. However, the verdict must be based on something more than mere conjecture. It must be an intelligent judgment, based upon such facts as are available. * * * No general rule can be laid down, except that each case must be judged upon its peculiar facts, and the damages proved with that degree of certainty of which the case is susceptible. * * * Where there is an absence of any evidence from which the jury could properly ascertain the plaintiff's future incapacity and loss of earnings, then such finding of the jury would not support a judgment based thereon, and courts would not permit such judgment to stand. Plaintiff, however, is not required to prove the exact amount, but only the facts from which the jury, in the exercise of sound judgment and discretion, can determine the proper amount."

■ We have concluded that the court did not err in excluding the testimony of Salvador Borreago relative to the intemperate habits of appellee. The appellant did not contend that appellee was intoxicated at the time of the accident. Appellant cites no authority under this point. See McCarty v. Gappelberg, Tex.Civ.App., 273 S.W.2d 943.

■ We have considered all of the evidence and have concluded that the jury's finding that Saunders was acting within the course of his employment at the time of the collision and that the jury's finding that the plaintiff's loss of earning capacity in the future was $6,500.00 are not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.