NU–WAY OIL COMPANY, Appellant,

v.

TRAC–WORK, INC. et al., Appellees.

No. 6174.

Court of Civil Appeals of Texas, Waco.

June 12, 1980.

Rehearing Denied July 10, 1980.

---

Kenneth L. McAlister, Penner, Jones, Keith & Wagner, Fort Worth, for appellant.

J. W. Payne, David W. Townend, DeHay & Blanchard, Dallas, for appellees.

HALL, Justice.

Plaintiff Nu-Way Oil Company filed this suit against defendants David Wayne Johnson and Trac-Work, Inc., for $1,300.00 damages allegedly suffered by plaintiff when a truck driven by Johnson struck a gasoline pump and a sign located at plaintiff's service station in the City of Ennis on September 2, 1977. The case was tried to a jury on October 8, 1979. When plaintiff rested its case, defendant Trac-Work moved the court to withdraw the case from the jury and render judgment for defendants. The motion was granted, and judgment was rendered that plaintiff take nothing. Plaintiff brought this appeal.

Plaintiff alleged *inter alia* that on September 2, 1977, when defendant Johnson was driving a truck on Kaufman Street in the City of Ennis, he traveled off the street and collided with the gasoline pump and the sign on plaintiff's service station premises; that the truck was owned by defendant Trac-Work; that Johnson was an employee of Trac-Work and was within the course and scope of his employment at the time of the accident; that the accident and the resulting damages to plaintiff's property were proximately caused by the negligence of Johnson in traveling at an unreasonable speed, in driving his vehicle while intoxicated, in failing to apply his brakes in a timely fashion, in failing to keep a proper lookout, in failing to keep his vehicle under proper control, and in being "otherwise negligent"; and that the pump was damaged in the amount of $1,200.00, and the sign was damaged in the amount of $100.00. Plaintiff also alleged negligent causation against Trac-Work upon the ground that Trac-Work negligently entrusted the truck to Johnson under particularized circumstances.

Defendant Trac-Work answered with a general denial; specially denied that Johnson "was at the date, time and place in question its employee operating [the truck] within the course and scope of his employment"; and alleged that Johnson's operation of the truck was unauthorized by and without the permission of Trac-Work and "was at a time which would not place John-

son within the course and scope of employment for Trac-Work, Inc."

The record does not contain an answer by Johnson to plaintiff's suit. The judgment recites that he "never made an appearance herein."

The take-nothing judgment against plaintiff recites that it and the granting of Trac-Work's motion for judgment were based upon grounds set forth in the motion that the evidence was legally insufficient to raise fact questions for the jury on the issues (1) that Trac-Work negligently entrusted the vehicle to Johnson, (2) that Johnson was negligent, and (3) that Johnson was driving the truck within the course and scope of employment with Trac-Work. Plaintiff assigns error to all of those conclusions.

■■■ We concur with the trial court's holding that the evidence was legally insufficient to raise the issue of negligent entrustment. However, we believe and hold that the testimony of Trac-Work's president was inferentially sufficient to establish that the truck in question was owned by Trac-Work, and that Johnson was Trac-Work's employee and was driving the truck when it struck plaintiff's gasoline pump. Proof that the vehicle involved in an accident was owned by the defendant and that the driver was in the employment of defendant raises the presumption that the driver was acting within the scope of his employment when the accident occurred. *Robertson Tank Lines, Inc. v. Van Cleave*, (Tex.1971) 468 S.W.2d 354, 357. However, the presumption based solely upon those facts vanishes where there is other evidence showing that the driver was not acting within the scope of his employment. Id. In our case, we disagree with Trac-Work's contention that there is such other evidence. Nevertheless, we do agree with Trac-Work that there was no evidence that Johnson was negligent which was admissible against Trac-Work.

The only evidence related to the circumstances of the accident and Johnson's negligence was the following testimony of the investigating police officer: "Q. When you arrived at the scene, could you briefly describe to the jury what you saw? A. Oh, a truck had hit a car from the rear there at the light and that car in turn had hit another car and then the truck had veered to the left and knocked a gas pump down at the service station. Q. What else did you observe at that time? A. The subject that was driving the truck had left the scene. However, it—a citizen had brought him back and had seen him run and they went and got him and brought him back and this was David Wayne Johnson. Q. And did you talk to Mr. Johnson at the scene? A. Yes, sir. Q. Did you ask him for his driver's license? A. Yes, sir. Q. Did he produce them? A. No, sir. Q. Do you know why? A. He said he didn't have any. Q. Did you notice anything unusual about Mr. Johnson? A. Mr. Johnson had been drinking. It was my opinion that he wasn't drunk. Q. Did he explain to you what happened? A. Yes, sir. He told me that he had borrowed the truck from the company that he worked for to carry some employees home and he was on his way back to the yard. He said he borrowed the truck and was carrying one or two more employees home and he had dropped them off and was on his way back to the yard at that time. Q. Did you look at the truck in question at the scene? A. Yes, sir. Q. Did Mr. Johnson mention anything about the brakes on the truck? A. Yes, sir, he did. Q. What did he say? A. I asked him how come he hit the car and he said I hit the brakes and they just didn't hold. However, I did check the brakes and the brakes worked at that time."

■■ Johnson did not testify. Plaintiff asserts that the statements attributed to Johnson by the investigating officer that Johnson did not have a driver's license and that the brakes on the truck failed, and the officer's testimony that the truck had "hit a car from the rear," plus the presumption that Johnson was driving the truck in the course of his employment for Trac-Work, were sufficient to raise the issue of negligent causation against Trac-Work. The contention is overruled. Although the statements attributed to Johnson were ad-

missible against him, they were hearsay as to Trac-Work and therefore without probative value to establish any essential element of plaintiff's case against Trac-Work, unless they were admissible against Trac-Work under an exception to the hearsay rule. *Big Mack Trucking Co., Inc. v. Dickerson,* (Tex.1973) 497 S.W.2d 283, 287. The record does not raise any such exception. There is *no evidence that Johnson was expressly or impliedly authorized* by Trac-Work to make the statements, or that the statements were spontaneous exclamations; and plaintiff did not attempt to establish that Johnson was unavailable to testify. See *Big Mack Trucking Co. v. Dickerson,* supra.

■ Plaintiff argues that the officer's testimony that Johnson struck the rear-end of another vehicle is sufficient to raise a fact question as to whether Johnson was negligent. When the statements made by Johnson are excluded from the officer's testimony we are left with nothing more than the naked fact that the truck "had hit a car from the rear there at the light," without any attendant circumstances. Proof only that the vehicle driven by Johnson collided with the rear of another is not evidence that Johnson was negligent. "The occurrence of an accident, or a collision, is not of itself evidence of negligence." *Rankin v. Nash-Texas Co.,* 129 Tex. 396, 105 S.W.2d 195, 199 (1937). *Rankin* was a rear-end collision case. We know that a number of opinions of courts of civil appeals contain the statement that "[t]he [rear-end] collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear." Example cases are *Hardberger v. O'Dell,* 544 S.W.2d 522, 524 (Tex.Civ.App.—Austin 1976, no writ); *Boddy v. Canteau,* 441 S.W.2d 906, 912 (Tex.Civ. App.—San Antonio 1969, writ ref'd n. r. e.); *Miller v. Wagoner,* 356 S.W.2d 363, 364 (Tex.Civ.App.—Austin 1962, no writ); *Manning v. Block,* 322 S.W.2d 651, 655 (Tex.Civ. App.—Beaumont 1959, writ ref'd n. r. e.). The statement originated in *Renshaw v. Countess,* 289 S.W.2d 621, 624 (Tex.Civ.App. —Fort Worth 1956, no writ), which is cited in the other cases. In all of those cases, including *Renshaw,* there was proof of the circumstances surrounding the rear-end collision; and the statement in question was made in consideration of and in the context of that proof, immediately following the statement that "[a] question of fact is usually presented when one motor vehicle overtakes and strikes one in front of it, going in the same direction." We do not read those cases as standing for the rule that the naked fact of a rear-end collision is evidence of negligence on the part of the following driver, which would be in conflict with the holding of our Supreme Court in *Rankin v. Nash-Texas Co.,* supra. In our case, there is no proof of the circumstances attending the collision, and *Renshaw* and the other cases have no application.

■ Trac-Work's president testified that the brakes on the truck in question were overhauled by Trac-Work on September 15, 1977. Plaintiff argues that this evidence and the testimony of the investigating officer is legally sufficient to support its negligent entrustment theory against Trac-Work on grounds of (1) the unlicensed driver and (2) defective brakes. We cannot accept the argument. We have already noticed that Johnson's statements to the officer were not admissible against Trac-Work. And we hold that evidence the brakes were overhauled thirteen days after the accident, standing alone, does not raise an issue that the brakes were defective at the time of the accident.

■ However, we believe the evidence admissible against Johnson, and its inferences, was legally sufficient to raise issues of negligent causation against him on the ground that he was operating the truck with defective brakes.

The judgment in favor of Trac-Work is affirmed. The judgment in favor of Johnson is reversed, and plaintiff's cause against Johnson is remanded for trial.