**BROWN EXPRESS COMPANY, INC., Appellant,**

v.

**Glenn BURNS, Appellee.**

No. 6237.

Court of Civil Appeals of Texas, Waco.

Oct. 23, 1980.

Beverly Willis, J. Frank Kinsel, Jr., Naman, Howell, Smith, Lee & Muldrow, P. C., Waco, for appellant.

Sam R. Jones, George Shaffer, Shaffer & Jones, Waco, for appellee.

HALL, Justice.

Plaintiff Glenn Burns filed this suit against defendant Brown Express Company, Inc., in McLennan County to recover for damages to plaintiff's tractor–trailer truck caused by a collision on Interstate Highway 35 in McLennan County between plaintiff's truck and a truck owned by defendant. Plaintiff alleged that defendant "was negligent in one or more of the following specific acts, omissions or conduct, and that one or more of the said acts, omissions or conduct constituted and was the proximate cause of the collision in question, to–wit: (a) Failed to keep a proper lookout. (b) Driving at an excessive rate of speed under the attending circumstances. (c) Failed to keep the Defendant's vehicle under proper control. (d) Failed to maintain a proper course of travel upon the area of said highway designated for travel."

Defendant filed its plea of privilege to have the case transferred to Bexar County, the county of its residence. The plea was controverted by plaintiff under the provisions of § 9a of article 1995, Vernon's Tex. Civ.St., which permits a suit for damages based upon the causal negligence of the defendant to be maintained in the county where the negligent act or omission occurred. After a hearing by the court without a jury, the plea of privilege was overruled. Defendant brought this appeal. We reverse the judgment.

■ Findings of fact and conclusions of law were not requested by the parties nor filed by the court. Accordingly, the presumption obtains that the court impliedly made all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

■ In its first point of error, defendant contends that the implied finding of an act or omission of negligence by defendant on the occasion of the accident is not supported by any evidence. In deciding this complaint, we must consider only the evidence and its inferences that support the finding and view them in the light most favorable to the finding. *Freeman v. Texas Compensation Ins. Co.*, (Tex.1980) 603 S.W.2d 186, 191. When this is done, the evidence shows the following material facts: Plaintiff's driver was returning plaintiff's truck to the City of Waco from the City of San Antonio along Interstate Highway 35 at about 2:30 A.M. on November 7, 1979, when the motor failed a few miles south of Waco in McLennan County. The driver coasted the truck to a stop on the shoulder of the highway and properly and safely parked it there. After being unable to start the engine, the driver turned on the emergency flasher lights and the other lights on the truck, placed reflectors around the truck along the highway, and left the truck to go into Waco and secure help. While plaintiff's driver was gone, a truck owned by defendant and operated by defendant's driver collided with plaintiff's parked truck at approximately 4:20 A.M.

■ We agree with defendant that the evidence shows only the fact of the collision and fails to establish any negligent act or omission on the part of defendant or its driver. The occurrence of an accident is not of itself evidence of negligence. *Wells v. Texas Pac. Coal & Oil Co.*, 140 Tex. 2, 164 S.W.2d 660, 662 (1942); *Rankin v. Nash–Texas Co.*, 129 Tex. 396, 105 S.W.2d 195, 199 (1937); *Nu–Way Oil Co. v. Trac–Work, Inc.*, 601 S.W.2d 209, 212 (Tex.Civ.App.–Waco 1980, no writ); *Hardy v. McMillar*, 492 S.W.2d 381, 382 (Tex.Civ.App.–Waco 1973, no writ).

■ Plaintiff argues the evidence raises a presumption of negligence against defendant under the doctrine of *res ipsa loquitur*. We overrule this contention. Although a plaintiff does not necessarily lose the right to rely upon the *res ipsa* doctrine by pleading specific acts of negligence, he is not entitled to invoke the doctrine where he pleads specific acts of negligence and does not give the defendant fair notice in his pleadings that he intends to rely upon the doctrine. *Mobil Chemical Company v. Bell*, (Tex.1975) 517 S.W.2d 245, 254; *McClish v. R. C. Young Feed & Seed Co.*, 225 S.W.2d 910, 914 (Tex.Civ.App.–Amarillo 1949, writ ref'd). In our case, plaintiff pleaded specific acts and omissions of negligence against defendant, and he did not indicate in his petition that he intended to rely upon the doctrine of *res ipsa loquitur*. The doctrine may not now be invoked by plaintiff to support the judgment.

The order overruling defendant's plea of privilege is reversed. The case was not fully developed, and in the interest of justice we remand it for another trial. *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458, 459 (1948).