Nancy T. HUNSUCKER, Appellant,

v.

OMEGA INDUSTRIES, Appellee.

No. 05–82–00426–CV.

Court of Appeals of Texas,
Dallas.

July 27, 1983.

Rehearing Denied Sept. 26, 1983.

Lee M. Taft, Carter, Jones, Magee, Rudberg, Moss, Dallas, for appellant.

John Marks, Jr., Strasburger & Price, James H. Moody, III, Strasburger & Price, Dallas, for appellee.

Before AKIN, WHITHAM and SHUMPERT, JJ.

AKIN, Justice.

Nancy Hunsucker, plaintiff, appeals from a summary judgment in favor of the defendant, Omega Industries. The principal question presented is whether proof of ownership of a vehicle causing an accident raises a legal presumption that the vehicle was being operated by an employee in the scope of his employment. We hold that it does. A second question is whether affidavits of interested witnesses, Omega's employees, may be relied upon for summary judgment. We hold that they may not be so relied upon because they but raise a fact issue in this case. A third question is whether Omega established as a matter of law that it was not negligent in leaving the keys in the truck's ignition. We hold that questions of foreseeability and reasonableness are inherently questions for the finder of fact but that this action was not negligence per se. Accordingly, we reverse and remand.

This dispute arose when Hunsucker's vehicle struck a guardrail in an attempt to dodge a pick-up truck which swerved toward her. The accident occurred on a Sunday. The pick-up truck, which did not stop at the scene of the accident, was identified by two witnesses who followed the truck to obtain its license plate number. These two witnesses also reported that two women were in the truck. No further evidence was given as to the identity of the occupants since Hunsucker had no memory of the accident. The license number showed that the pick-up truck belonged to Omega, which admitted that it owned a truck similar to the one involved in the accident and that the truck it owned had the same license number as the vehicle involved in the accident. By summary-judgment evidence, Omega showed that its truck with this license number was a vehicle which it used in its business, but that on the weekends it was stored, with the keys in the ignition, in a locked building. Nineteen employees of Omega had keys to the building. Each of these employees signed an affidavit, in support of the motion for summary judgment, stating that each had no knowledge of use of the truck on the date of the accident and

that none of the nineteen employees had authorized the use of this vehicle to anyone else on that date. No evidence was tendered of theft or wrongful entry of the building in which the truck was stored. Apparently, upon this summary judgment evidence, the trial judge granted Omega summary judgment against Hunsucker in her suit for damages resulting from the accident.

Hunsucker alleged three causes of action against Omega. In her original and first amended petition, she alleged that Omega was vicariously liable for the negligence of the driver of the truck. In her second amended petition she added an allegation that Omega was negligent *per se* under TEX.REV.CIV.STAT.ANN. art. 6701d § 97 (Vernon 1977) in leaving the keys in the ignition of the truck. In her third amended petition, she alleged that leaving the keys in the ignition was common-law negligence. Omega's motion for summary judgment went only to the allegations of negligence in Hunsucker's first two petitions, but did not include as a ground that leaving the key in the truck's ignition did not raise an issue of common-law negligence.

Hunsucker first argues that Omega was vicariously liable for the conduct of the truck driver because, upon proof that the vehicle was owned by Omega, a presumption arose that the driver was an employee of Omega and that the employee was in the scope of his employment. In this respect, she also contends that Omega's attempt to rebut this presumption by the use of affidavits of interested witnesses, its employees, raises but a fact issue.

We begin our analysis by noting that Hunsucker and Omega disagree as to the proof which is necessary for a presumption to arise that a driver is an employee in the scope of his employment. Hunsucker contends that by proving ownership of the vehicle a presumption arises that the driver was an employee of the owner *and* that the employee was in the scope of his employment. On the other hand, Omega contends that stricter proof is required before the presumption arises. In Omega's view, proof of ownership of the vehicle *and* proof that the driver was an employee of the owner must be presented before a presumption arises that the driver is in the scope of his employment.

We have examined the cases cited by the parties, as well as many more, and have concluded that a split of authority exists as to what proof must be presented before the presumption of scope of employment arises. *Wheeler v. Nailling,* 524 S.W.2d 552, 553 (Tex.Civ.App.—Texarkana 1975, no writ). *See* 1R. Ray, Texas Law of Evidence Civil and Criminal § 97 (Texas Practice 3d. ed. 1980), and Comment, Presumptions and Third Party Liability in Automobile Accident Cases, 2 Baylor Law Review 432 (1950). One line of cases, which supports the contention of Hunsucker, holds that upon proof of ownership the presumption arises that the driver was an employee in the scope of his employment. *Wheeler,* 524 S.W.2d at 552; *Strickland Transportation Co. v. Ingram,* 403 S.W.2d 192 (Tex.Civ.App.—Texarkana 1966, writ dism'd); *Whittle v. Saunders,* 396 S.W.2d 155 (Tex.Civ.App.—San Antonio 1965, no writ); *Henderson Drilling Corp. v. Perez,* 304 S.W.2d 172 (Tex.Civ.App.—San Antonio 1957, no writ); *Merryman v. Zeleny,* 143 S.W.2d 410 (Tex.Civ.App.—Amarillo 1940, no writ); *Alfano v. International Harvester Co. of America,* 121 S.W.2d 466 (Tex.Civ.App.—Dallas 1938, writ dism'd); *Harper v. Highway Motor Freight Lines,* 89 S.W.2d 448 (Tex.Civ.App.—Dallas 1935, writ dism'd). Another line of cases, many of which Omega cites, holds that upon proof of ownership and employment of the driver, a presumption arises that the driver was in the scope of his employment. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354 (Tex.1971); *Broaddus v. Long,* 135 Tex. 353, 138 S.W.2d 1057 (1940); *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 143 S.W.2d 763 (1940); *City of Houston v. Wormley,* 623 S.W.2d 692 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Nu-way Oil Company v. Trac-Work, Inc.,* 601 S.W.2d 209 (Tex.Civ.App.—Waco 1980, no writ); *Pate v. Southern Pacific Transportation Co.,* 567 S.W.2d 805 (Tex.Civ.App.—Hous-

ton [14th Dist.] 1978, writ ref'd n.r.e.); *Kulms v. Jenkins,* 557 S.W.2d 149 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.); *Gebert v. Clifton,* 553 S.W.2d 230 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ dism'd); *Gaber Co. v. Rawson,* 549 S.W.2d 19 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.); *Kimbell Properties, Inc. v. McCoo,* 545 S.W.2d 554 (Tex.Civ.App. —Amarillo 1977, no writ); *Salmon v. Hinojosa,* 538 S.W.2d 22 (Tex.Civ.App.—San Antonio 1976); *Howard v. American Paper Stock Co.,* 523 S.W.2d 744 (Tex.Civ.App.— Fort Worth 1975, *reformed and affirmed,* 528 S.W.2d 576); *Creekmore v. Horton & Horton, Inc.,* 487 S.W.2d 148 (Tex.Civ.App. —Houston [14th Dist.] 1972, writ ref'd n.r. e.); *Czikora v. Hutcheson,* 443 S.W.2d 871 (Tex.Civ.App.—Beaumont 1969, writ dism'd); *Mitchell v. Ellis,* 374 S.W.2d 333 (Tex.Civ.App.—Fort Worth 1963, writ ref'd); *M.K. Hall Co. v. Caballero,* 358 S.W.2d 179 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.); *Hudiburgh v. Palvic,* 274 S.W.2d 94 (Tex.Civ.App.—Beaumont 1954, writ ref'd n.r.e.); *Eilar v. Theobold,* 201 S.W.2d 237 (Tex.Civ.App.—San Antonio 1947, no writ); *Moreland v. Hawley Independent School Dist.,* 163 S.W.2d 892 (Tex. Civ.App.—Eastland 1942), 169 S.W.2d 227 (Tex.Civ.App.1943); *Longhorn Drilling Corp. v. Padilla,* 138 S.W.2d 164 (Tex.Civ. App.—Eastland 1940, no writ); *Carle Oil Co., Inc. v. Owens,* 134 S.W.2d 411 (Tex.Civ. App.—San Antonio 1939, no writ); *Lewis v. J.P. Word Transfer Co.,* 119 S.W.2d 106 (Tex.Civ.App.—Dallas 1938, writ ref'd); *Weber v. Reagan,* 91 S.W.2d 409 (Tex.Civ. App.—Waco 1936, writ dism'd); *Houston News Co. v. Shavers,* 64 S.W.2d 384 (Tex. Civ.App.—Waco 1933, writ ref'd); *Texas News Co. v. Lake,* 58 S.W.2d 1044 (Tex.Civ. App.—Galveston 1933, writ dism'd); *Wright v. Maddox,* 288 S.W. 560 (Tex.Civ. App.—Austin 1926, writ dism'd); *Browne v. Hanagriff,* 270 S.W. 890 (Tex.Civ.App.— Galveston 1925, no writ); *Gordon v. Texas & Pacific Mercantile & Mfg. Co.,* 190 S.W. 748 (Tex.Civ.App.—Forrt Worth 1916, writ ref'd); *Studebaker Bros. Co. v. Kitts,* 152 S.W. 464 (Tex.Civ.App.—San Antonio 1912, writ ref'd). The vast majority of the cases in the two lines of authority may be reconciled on the ground that those cases which hold that the presumption of scope of employment arises after proof of ownership and employment do not reach the question of whether a presumption could arise simply from proof of ownership. In each of these cases, proof of both ownership and employment existed; thus, no need existed to address the question of whether a presumption could arise in a hit-and-run situation where the driver remained unidentified.

Both lines of cases share the same rationale for the legal presumption. This rationale was stated by Chief Justice Pope during his tenure on the San Antonio Court of Civil Appeals, as follows:

> The presumption grows out of the fact that not infrequently the evidence necessary to establish the character of the mission in which the servant was engaged is exclusively within the possession of the defendant. The effect of the rule is to 'smoke out' the defendant and compel him to disclose the true facts within his knowledge.

*Henderson Drilling Corp. v. Perez,* 304 S.W.2d 172, 174 (Tex.Civ.App.—San Antonio 1957, no writ). *See also Houston News Co.,* 64 S.W.2d at 384.

■ After considering the rationale of this presumption as applied in all of the other authorities, we hold that a presumption that the driver of a vehicle is an employee in the scope of employment may arise simply from proof of ownership of the vehicle. Only by so holding will the rationale for the presumption be fully served. A defendant should not be able to "hide behind the log" simply because the accident victim is unable to identify the driver, especially where, as here, it is relatively easy for the owner to rebut the presumption. If an employee of the owner was not driving the truck, the owner will not have difficulty rebutting the presumption with evidence that the truck was stolen, or that, if the driver was indeed an employee, to show that the employee deviated from the scope of his employment.

The rationale of our holding is particularly justified by the facts in this case. Each employee stated by affidavit that he had no knowledge of the vehicle being used on the weekend in question and that he had not authorized its use by anyone else. Since no evidence exists of theft or even that the building in which the vehicle had been stored had been tampered with in any way, if the testimony of Omega's employees is accepted as true, the truck was not at the scene of the accident. Yet, uncontradicted evidence from disinterested witnesses shows that the vehicle was definitely at the scene. This factual situation logically supports our holding that once ownership of the vehicle is proved, a presumption arises that the driver is an employee within the scope of his employment because only the defendant would be in a position to ascertain the true facts as to how and why the vehicle was at the scene of the accident. Furthermore, whether the vehicle was on a mission for Omega or whether Omega had authorized the vehicle's use is information uniquely within the knowledge of Omega.

Neither do the decisions of the supreme court in *Robertson Tank Lines, Inc.,* 468 S.W.2d at 354, nor in *Broaddus,* 138 S.W.2d at 1057, preclude our holding. In each of these cases, the record contained evidence of both ownership and employment. Thus, the supreme court had no occasion to address the question which would have arisen had only ownership been shown. Neither is *Empire Gas and Fuel Co.,* 143 S.W.2d at 763, cited by Omega, contrary to our holding. Although the court in that case does use language indicating ownership and employment of the driver are a prerequisite to the presumption of scope of employment, it did not hold that *both* facts were required to raise the presumption here. Indeed, that court noted: "We need not determine in this case whether, from the operation of the truck on the highway under registration in the name of Empire Gas & Fuel Company, the presumption arises that the driver was an employee of the company...." *Id.* at 767. We conclude from this language that

the supreme court acknowledged that a presumption on the driver's employment could arise from proof of ownership, as well as a presumption that the driver was *in the scope of his* employment.

One of the few cases which explicitly held that it would be impermissible to allow a presumption of employment of the driver and his scope of employment to arise simply from proof that the vehicle was owned by the defendant was *Moreland,* 163 S.W.2d at 892. Without citing authority that court stated:

> Such a rule undoubtedly ... ignores the principle that one presumption may not be supported by another presumption. If it should be granted that upon such facts a presumption that the driver was a servant of the owner would arise, the further presumption that such servant was in the course of his employment would have nothing to support it except the first mentioned presumption.

*Id.* at 895. *See also Longhorn Drilling Corp.,* 138 S.W.2d at 164. We decline to follow these decisions. The doctrine that a presumption may not be based upon another presumption, as relied upon in *Moreland* and in *Longhorn Drilling,* has no application to this situation because the ultimate presumption has only one prong, that the vehicle is being used in the furtherance of the owner's business. Comment, Presumptions and Third Party Liability in Automobile Liability Cases, 2 Baylor Law Review 432 (1950). However, even if proof of ownership is considered to give rise to a two-prong presumption, the rationale of *Moreland* and *Longhorn Drilling* is inapplicable. As the Texarkana Court of Civil Appeals held in *Pilgrim Industries Inc. v. Jones,* 503 S.W.2d 861, 863 (Tex.Civ.App.—Texarkana 1973, no writ), "There is considerable precedent for the legal precept that a given state of facts may give rise to two or more independent or parallel inferences [presumptions]. In such cases one inference [presumption] is not based upon another as each is drawn separately from the same evi-

dence."[1] Thus, the parallel presumption of employment and scope of employment may be drawn from proof of ownership of the vehicle. Thus, there is no presumption on a presumption.[2]

Also, the purpose of the presumption of employment and scope of employment strengthen the view that the holdings of *Moreland* and *Longhorn Drilling* are incorrect. The rule preventing a presumption on a presumption and its sister rule prohibiting an inference on an inference are rules which are designed to prevent courts and jurors from basing their findings on chains of inferences and presumptions which are distantly related to a directly proved fact. *See* Cadena, The Pyramiding of Presumptions and Inferences in Texas, 4 St. Mary's Law Journal 1 (1972). The purpose of the presumption in this case is to permit a party who otherwise would be incapable of establishing a prima facie case to shift the burden of producing evidence to the party who has control of that evidence. It is a procedural presumption rather than a rule of law establishing logical relationships. When viewed from the standpoint that the presumption is really a device to smoke out a reticent defendant, it becomes apparent that the *Moreland* and *Longhorn Drilling* cases were decided upon an erroneous theory. Considering the posture of the presumption made in this case and the true basis for the rule against stacking presumptions, we see no reason why injured parties should be automatically denied recovery because they cannot establish the identity or employment of a vehicle's driver.

1. Although that court referred to inferences, the court was actually speaking of presumptions.

2. It should also be noted that many cases allow a more elaborate presumption than the one permitted in this case. Under the "branded vehicle" doctrine a presumption of ownership is drawn from the fact that a vehicle bears a "brand" such as a name or insignia painted on the door. The cases dealing with the "branded vehicle" doctrine permit a three-prong presumption to be drawn. Ownership is presumed from the "brand" with the further presumption being made that the user is an employee in the scope of employment. *See Pilgrim Industries Inc. v. Jones,* 503 S.W.2d 861 (Tex.Civ.App.—Texarkana 1973, no writ); *R.G. Duke & Son v. Burk,* 233 S.W.2d 617 (Tex.Civ.App.—El Paso 1950, no writ); *Gladewater Laundry & Dry Cleaners v. Newman,* 141 S.W.2d 951 (Tex.Civ. App.—Texarkana 1940, writ dism'd judg. correct); *Harper v. Highway Motor Freight Lines,* 89 S.W.2d 448 (Tex.Civ.App.—Dallas 1935, writ dism'd); *Globe Laundry v. McLean;* 19 S.W.2d 94 (Tex.Civ.App.—Beaumont 1929, no writ). *See also* Judge Norvell's dissent in *Walker v. Johnston,* 236 S.W.2d 534 (Tex.Civ. App.—San Antonio 1951, writ dism'd).

We turn now to whether the affidavits of its employees utilized by Omega to support its motion for summary judgment rebutted the presumption that the driver was an employee within the scope of his employment. Initially, we note that all of these affidavits are from interested witnesses—its employees. The general rule in summary judgment proceedings is that the uncontroverted testimony of interested witnesses does no more than create an issue of fact, which is, of course, the credibility of the interested witness. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). However, an exception to this general rule exists if the uncontroverted testimony of interested witnesses is (1) clear, positive, and direct; (2) otherwise credible; (3) free from contradictions and inconsistencies; and (4) could have been readily controverted. The exception has no application here because the affidavits of the employees could not have been readily controverted by Hunsucker. Thus, the general rule rather than the exception applies. Consequently, these affidavits but raise a fact issue with respect to the lack of negligence of Omega.

In support of its contention that the exception to the rule on interested witnesses should apply, Omega cites *Thompson v. B.B. Saxon Company, Inc.,* 472 S.W.2d 325 (Tex. Civ.App.—San Antonio 1971, no writ), as an example of a case where the presumption of scope of employment was rebutted by the testimony of an interested witness. Although the San Antonio Court of Civil Appeals permitted the testimony of an inter-

ested witness to rebut the presumption of scope of employment, that case was wrongly decided because it failed to consider the fourth prong of the exception, i.e. that the testimony could have been readily controverted. Consequently, we disagree with that decision and decline to follow it.

▮ Omega also asserts that it will be a waste of judicial time for the trial court to try this case. Although Hunsucker may not at trial be able to prove her allegations, that is not a ground upon which summary judgment may be sustained. Summary judgment is a harsh remedy because the non-movant is denied his day in court. To be entitled to a summary judgment in a case like this, the movant must establish that the plaintiff cannot prevail at trial as a matter of law. A party may not be deprived of his day in court simply because he may have difficulty in proving his case. Having determined that the summary judgment was improper on the issue of vicarious liability, we turn to the question of whether summary judgment on the issues of negligence and negligence per se with respect to leaving the key in the truck's ignition was also improper.[3]

Hunsucker contends that the trial court erred in granting summary judgment on her allegation of negligence with respect to the key left in the ignition because Omega failed to set forth the negative of these allegations, as grounds in its motion for summary judgment. In this respect, Hunsucker argues that these issues were not before the trial court. Although we agree that the motion was improperly granted, we cannot agree that this allegation was not before the trial judge. Specifically, Hunsucker in response to Omega's motion for summary judgment raised this question, to which Omega filed a brief joining this issue, which we consider an "other response" under TEX.R.CIV.P. 166–A. *See Metroplex Glass Center, Inc. v. Vantage Properties,*

*Inc.,* 646 S.W.2d 263, 266 (Tex.App.—Dallas 1983, writ refused, n.r.e.).

▮ Since this question was properly before the court, we address the question of whether an issue of fact existed on Hunsucker's allegations of common law negligence. We conclude that issues such as reasonableness and foreseeability are inherently issues for a jury because whether each is precluded as a matter of law depends upon all the facts and circumstances in each case. For example, under certain circumstances leaving the keys in the ignition of a vehicle in a locked garage may be negligence, depending upon all of the surrounding facts and circumstances. On the other hand, after all of the facts and circumstances have been developed, a court may conclude, as a matter of law, that no negligence existed. Because of variations of the circumstances which may be shown at a trial on the merits, summary judgment is rarely justified in such cases.

Omega cites a number of Texas cases which have held that leaving one's keys in a vehicle is not negligence. Each of these cases turns on the issue of proximate cause and holds that theft and negligent operation by a thief is not foreseeable, as a matter of law. *See McKinney v. Chambers,* 347 S.W.2d 30 (Tex.Civ.App.—Texarkana 1961, no writ); *Parker and Parker Construction Co. v. Morris,* 346 S.W.2d 922 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.); *Lollis v. Humble Oil & Refining Co.,* 285 S.W.2d 249 (Tex.Civ.App.—El Paso 1955, writ ref'd n.r.e.); *Clem Lumber Co. v. Fisher,* 84 S.W.2d 282 (Tex.Civ.App.—Waco 1935, writ dism'd). All of these cases, except one, are distinguishable on the ground that this determination was made only after a trial and the appellate court knew all of the facts and circumstances. The sole exception is *McKinney,* 347 S.W.2d at 30, an appeal from a summary judgment. We do not consider *McKinney* as authority for the proposition advanced by Omega because the

---

**3.** We conclude that the granting of a summary judgment on the issue of negligence per se was proper. The summary judgment proof showed that the vehicle in question was parked in a locked garage. Art. 6701d applies to vehicles "upon highways." TEX.REV.CIV.STAT.ANN. art. 6701d § 21 (Vernon 1977). It does not appear from the appellant's brief that she complains of the granting of the summary judgment on the issue of negligence per se.

majority opinion was but a one-justice opinion; the other two justices concurred in the result only. Other Texas courts have held that leaving keys in a vehicle may be the proximate cause of the plaintiffs' injuries. *See Batko v. Mecca Investment Co.,* 642 S.W.2d 41 (Tex.App.—Eastland 1982, no writ); *Bicknell v. Lloyd,* 635 S.W.2d 150 (Tex.App.—Houston [1st Dist.] 1982, no writ). In each of these cases, the court upheld a jury's conclusion that the defendant's negligence was a proximate cause of the plaintiff's damage.

Reversed and remanded.

WHITHAM, Justice, concurring.

I concur in the result. I agree with the majority that the affidavits of interested witnesses, Omega's employees, may not be relied upon for summary judgment because they raise a fact issue. I also agree with the majority that questions of foreseeability and reasonableness are inherently questions for the finder of fact and thus Omega has failed to establish as a matter of law that it was not negligent. Accordingly, I agree that the judgment be reversed and the case remanded to the trial court.

I write to express my disagreement with the majority's holding on what the majority describes as the principal question presented. The majority states the principal question to be "whether proof of ownership of a vehicle causing an accident raises a legal presumption that the vehicle was being operated by an employee in the scope of his employment." The majority holds that mere proof of ownership of a vehicle alone does raise such a presumption. I cannot agree. In my view the majority is basing a presumption on a presumption. In my view there are three linear facts requiring proof in the present case: (1) ownership of the vehicle, (2) employment of the driver by the owner and (3) that the driver is in the scope of his employment. The majority presumes facts two and three from fact one. It may be proper to presume fact two from fact one, but I cannot agree to the giant leap from fact one to fact three based upon the presumption of fact two. I would follow *Moreland v. Hawley Independent School District,* 163 S.W.2d 892 (Tex.Civ.App.—Eastland 1942, no writ), cited and quoted from by the majority. *See also Longhorn Drilling Corp. v. Padilla,* 138 S.W.2d 164 (Tex.Civ.App.—Eastland 1940, no writ).

Moreover, I do not agree with the majority's efforts to avoid the prohibition against basing a presumption upon a presumption by describing presumptions of (a) employment and (b) scope of employment as independent or parallel presumptions. Employment and the scope of that employment flow in an orderly sequence of events. A person is first employed and then he does what his employer tells him to do. Thus scope of employment is dependent on employment. Moreover, if we are to be about the business of presuming and since this accident occurred on a Sunday when Omega's business was closed perhaps the proper presumption would be that the driver was not in the scope of his employment but using the vehicle for a Sunday drive.

The majority justifies its holding permitting a presumption on a presumption because it sees "no reason why injured parties should be automatically denied recovery because they cannot establish identity or employment of a vehicle's driver." I cannot agree that the majority's concept of social and economic justice permits the courts to enter the contest in the present case on the side of Hunsucker. While I concur that Hunsucker should have her day in court, I disagree that Omega be required to bring its checkbook to court on that day.