**Joe HOLLOWAY, Appellant,**

v.

**Don L. ZAPARA, Appellee.**

**No. 14556.**

Court of Civil Appeals of Texas. San Antonio.

March 1, 1967.

Rehearing Denied March 29, 1967.

Lagerquist, Shaw & Davis, San Antonio, for appellant.

Luther Rutherford, San Antonio, for appellee.

BARROW, Chief Justice.

Lessor, Joe Holloway, brought this suit against lessee, Don L. Zapara, to recover rent and attorneys' fees due under a lease agreement, as well as for physical damages to the leased premises. The trial court rendered judgment, after a non-jury trial, that lessor recover his attorneys' fees and for physical damages to the premises, but limited his recovery under the lease agreement to the rent which was owed at the time lessee abandoned the premises. No findings of fact or conclusions of law were filed herein.

On September 27, 1961, Zapara entered into a written agreement to lease business property in San Antonio for a term of five years, beginning October 1, 1961. As consideration therefor, he agreed to make certain improvements to the premises which would become the property of lessor, and to pay rent at the rate of $75.00 per month during the first three years and $85.00 per month during the remaining two years. The first and last months' rent were paid in advance.

The rent was not paid after December 31, 1963, and in June, 1964, lessee abandoned the premises. The trial court credited the advance payment to January, 1964, and awarded lessor the sum of $375.00, being the rent due for the months of February through June, 1964. Lessor also recovered attorneys' fees of $425.00, and the sum of $700.00 for physical damages to the premises caused by the wrongful removal by lessee of several fixtures and the resulting damage to the structure.

Lessor complains on this appeal only of the denial of any recovery for the rent owed for the remainder of the term. The question presented is whether the record supports the implied findings by the trial court that lessee had an obligation to exercise due diligence to re-let the premises and that by the exercise of same, the leased premises could have been re-let the remainder of the term for a sum equal to the rent owed by lessee under the agreement. There is no contention that lessor assumed such an obligation at the time lessee abandoned the premises to him, and therefore this obligation must be found in the lease agreement in order to support the implied finding of the court.

The lease provides that in case of default of any covenant, "lessor may enforce the performance of this lease in any modes provided by law, and this lease may be forfeited at lessor's discretion if such default continue for a period of ten days after lessor notifies said lessee of such default and his intention to declare the lease forfeited," and thereupon "this lease shall cease and come to an end as if that were the day originally fixed herein for the expiration of the term hereof * * * or lessor's agent or attorney may resume possession of the premises and re-let the same for the remainder of the term at the best rent said agent or attorney may obtain, for account of the lessee, who shall make good any deficiency."

There is no evidence that lessor ever exercised his option under the lease to terminate the agreement and, to the contrary, the uncontradicted evidence is that lessor at all times stated that he would not terminate the lease until lessee repaired the damage to the premises. Cf. Rohrt v. Kelley Mfg. Co., 162 Tex. 534, 349 S.W.2d 95 (1961).

Our question therefore narrows as to whether lessor had the duty to use reasonable diligence to re-let the premises after lessee abandoned same in June, 1964. It has been held that where the lease contract authorizes the landlord to re-let for the remainder of the term, he is not required to do so, but merely has the option to so act. White v. Watkins, Tex.Civ.App., 385 S.W. 2d 267, no writ; Wukasch v. Hoover, Tex. Civ.App., 247 S.W.2d 593, aff. Hoover v. Wukasch, 152 Tex. 111, 254 S.W.2d 507 (1953); Early v. Isaacson, Tex.Civ.App., 31 S.W.2d 515, writ ref'd; Silbert v. Keton, Tex.Civ.App., 29 S.W.2d 824, writ ref'd; Willis v. Thomas, Tex.Civ.App., 9 S.W.2d 423, writ dism'd; 126 A.L.R. 1219.

The record is silent as to what, if anything, occurred when lessee abandoned the premises. It shows only that lessor rented the premises during the months of July and August, 1964, for which he received the sum of $150.00. It is not established as to the use of the premises from that date until the case was tried on May 16, 1966, however, there is no contention that any rent was received during that period. There was evidence that sometime after his default lessee produced two prospective tenants who were willing to sublease on the same terms as the lease agreement, but lessor refused to give his consent until the damages were

repaired by lessee. The agreement required the consent of lessor to any sublease and he had the right to refuse to approve same.

 The proper measure of damages in this case is the difference between the rental provided in the agreement and the amount realized by lessor from the re-letting up to the date of the trial. Lessor made no attempt to prove the reasonable cash market value of the lease for the remainder of the unexpired term after the trial.

The judgment is reformed to provide that appellant, Joe Holloway, recover from appellee, Don L. Zapara, the sum of One Thousand Seven Hundred Seventy-five Dollars ($1,775.00) for rent owed under the lease agreement, and in all other respects the judgment is affirmed. The costs are taxed against appellee, Don L. Zapara.