**METROPLEX GLASS CENTER, INC. and Jess W. Lewellyn, Sr., Appellant,**

v.

**VANTAGE PROPERTIES, INC., Appellee.**

No. 05–81–01228–CV.

Court of Appeals of Texas, Dallas.

Jan. 3, 1983.

Rehearing Denied Feb. 14, 1983.

Michael A. Robertson, Grand Prairie, for appellant.

Robert Harms Bliss, Richard S. Golombeck, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and STEPHENS, JJ.

AKIN, Justice.

This is an appeal by Metroplex Glass Center, Inc., from a summary judgment in favor of its lessor, Vantage Properties, Inc., for unpaid rentals under a lease. The principal question presented is whether Metroplex's response to Vantage's motion for summary judgment raises fact issues with respect to the Lessee's affirmative defenses. Since the Lessee's response incorrectly asserted that the movant had the burden of proof to negate its affirmative defenses, and also failed to include the proper summary judgment proof to support the affirmative defenses, the response to the motion for summary judgment raised no issue of fact with respect to the entitlement of Vantage to summary judgment. Accordingly, we affirm.

Metroplex Glass Center, Inc., leased a building from Vantage West Property Company as agent for Six Flags Business Park, and occupied the premises until May 1980, when Metroplex vacated the premises. Metroplex failed to pay the monthly rentals due under the lease from June 1980 to August 1981. Vantage re-entered the premises in June 1980, prepared it for lease,

and listed the building with a commercial leasing agent. Vantage then sued to recover unpaid rentals and operating expenses resulting from Metroplex's abandonment of the premises and from Metroplex's failure to pay rentals due under the lease. Summary judgment was granted in favor of Vantage for the unpaid rentals. On appeal, Metroplex asserts that (1) the question of mitigation of damages was not established as a matter of law; (2) that Metroplex's affirmative defenses were not *disproved* as a matter of law; and (3) that the named plaintiff, Vantage Properties, Inc., is not the proper party to bring this suit.

■ With respect to the contention that mitigation of damages was not established as a matter of law, no duty exists to mitigate damages unless that duty is imposed by the lease. *Holloway v. Zapara,* 412 S.W.2d 943, 944 (Tex.Civ.App.—San Antonio 1967, no writ); *Silbert v. Keton,* 29 S.W.2d 824, 826 (Tex.Civ.App.—Waco 1930, writ ref'd). Since the lease between Vantage and Metroplex imposed no affirmative duty to relet the premises, Vantage was under no obligation to relet the abandoned premises. No summary judgment evidence was presented inconsistent with section 24 of the lease allowing Vantage to relet the premises without releasing Metroplex from its contractual obligations.

In its response to Vantage's motion, Metroplex incorrectly assumes that the burden of proof to negate its affirmative defenses was upon Vantage. Where a defendant asserts an affirmative defense to the plaintiff's action, he must adduce summary judgment evidence raising a fact issue on all elements necessary to establish his affirmative defenses. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Newsom v. Starkey,* 541 S.W.2d 468, 471 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). Although Metroplex's response erroneously attempted to place the burden of proof upon Vantage, we consider the attached affidavit as an "additional" response under Tex.R.Civ.P. 166–A. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). However, even when we consider the affidavit presented by Metroplex as a "response," the affidavit fails to raise a fact issue in support of any of the alleged affirmative defenses.

The first affirmative defense alleged is constructive eviction. A complete and comprehensive definition of the elements of constructive eviction are delineated in *Stillman v. Youmans,* 266 S.W.2d 913 (Tex.Civ. App.—Galveston 1954, no writ). As reiterated in *Michaux v. Koebig,* 555 S.W.2d 171, 177 (Tex.Civ.App.—Austin 1977, no writ), the essential elements are:

(1) An intention on the part of the landlord that the tenant shall no longer enjoy the premises, which intention may be inferred from the circumstances; (2) A material act by the landlord or those acting for him or with his permission that substantially interferes with the use and enjoyment of the premises for the purpose for which they are let; (3) The act must permanently deprive the tenant of the use and enjoyment of the premises; (4) The tenant must abandon the premises within a reasonable time after the commission of the act.

Other courts have adopted these essential elements. *Steinberg v. Medical Equipment Rental Services, Inc.,* 505 S.W.2d 692 (Tex. Civ.App.—Dallas 1974, no writ); *Ravkind v. Jones Apothecary, Inc.,* 439 S.W.2d 470 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

■ In this case, the summary judgment proof shows that the lock on a rear door of the leased premises did not work properly, that the water heater malfunctioned, that certain partitions were not made to specifications, and that the roof leaked water around a heater. Assuming these allegations are true, we hold that appellant has not raised a fact issue with respect to the affirmative defense of constructive eviction, as a matter of law, because Metroplex did not abandon the premises within a reasonable time after these deficiencies arose. Indeed, the undisputed evidence is that these deficiencies existed at the time of occupancy and that Metroplex continued to occupy the building from December 29,

1978, until May 31, 1980, when it vacated the premises for other reasons. Apart from Metroplex's failure to abandon the premises, these deficiencies did not show an intent on the part of Vantage to permanently deprive Metroplex of the use of the premises. Thus, no constructive eviction existed as a matter of law.

With respect to the additional affirmative defenses of anticipatory breach and failure of consideration, the affidavit contains no facts which could be construed to support these defenses. We hold, therefore, as a matter of law, that there are no factual allegations to properly support any of these affirmative defenses.[1]

■ Metroplex further asserts that Vantage's attempt to re-lease the property at a higher rate than in the present lease was tantamount to an election to terminate the lease and lessee's obligation thereon. We do not agree. Section 24(b) of the lease clearly states that the lessor may re-enter the property vacated by the lessee, prepare it for lease, and relet the premises while holding the lessee liable for the rent due under the remainder of the lease agreement. *See Evons v. Winkler,* 388 S.W.2d 265 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.). The fact that Vantage offered the property for a higher monthly rate than that set forth in the lease does not change the result because if the property is re-let, these sums must be credited to lessee's rentals due under the lease. Thus, Vantage's attempt to secure the prevailing market rate for the property does not raise a fact issue to support Metroplex's defense of surrender under this lease. *See Williams v. Kaiser Aluminum & Chemical Sales, Inc.,* 396 F.Supp. 288, 294 (N.D.Tex.1979); *see also United States National Bank v. Homeland, Inc.,* 291 Or. 374, 631 P.2d 761 (Or. 1981).

■ Finally, Metroplex contends that Vantage Properties, Inc., is not the proper plaintiff in this case because the lease signed by Metroplex shows Six Flags Business Park Joint Venture as the lessor. However, the affidavits attached to Vantage's motion for summary judgment establish that Vantage Properties, Inc., is the managing partner of Six Flags Business Park Joint Venture. No distinction exists between duties owed by partners and those owed by joint adventurers. *Tex-Co Grain Co. v. Happy Wheat Growers, Inc.,* 542 S.W.2d 934 (Tex.Civ.App.—Amarillo 1976, no writ). It is also well settled that a partner may act as an agent within the scope of his authority to represent and bind the partnership. *Brewer v. Big Lake State Bank,* 378 S.W.2d 948 (Tex.Civ.App.—El Paso 1964, no writ); *Pegues v. Dilworth,* 104 S.W.2d 558 (Tex.Civ.App.—El Paso 1937), *aff'd,* 132 S.W.2d 582, 134 Tex. 169 (1937); 60 Am.Jur.2d *Partnership* § 129 (1972). Consequently, Vantage had authority to sue in its name rather than in the partnership name.

■ By way of a supplemental brief, Metroplex further maintains that the summary judgment evidence fails to support Vantage's award of attorney's fees and that the award is unreasonable on its face. Because these points were not called to the trial judge's attention in Metroplex's response to Vantage's motion for summary judgment, these complaints cannot be presented on appeal for the first time. *See Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 676.

Affirmed.

---

1. We doubt that these are properly denominated affirmative defenses, but treat them as such for the purposes of this opinion. In any event, the affidavit raises no fact issue as to them.