**G.H. STOOL, Appellant,**

v.

**Louay MEZAYEK, Appellee.**

**No. 05–82–00187–CV.**

Court of Appeals of Texas, Dallas.

Feb. 4, 1983.

D. Paul Dalton, Dallas, for appellant.

J. Stanley Knight, Dallas, for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

STEPHENS, Justice.

Louay Mezayek recovered judgment, under Tex.Rev.Civ.Stat.Ann. art. 5236e (Vernon Supp.1982) against G.H. Stool for his actual damages, trebled, and attorneys' fees. Suit was for recovery of a security deposit given under an oral lease. An essential element of recovery under article 5236e is the existence of a rental agreement between the parties. A rental agreement was not established in this case; accordingly we reverse and render.

It is undisputed that the parties negotiated with each other, through a real estate agent, in contemplation of a lease of residential property owned by Stool. At the outset Mezayek delivered his check for $800.00 to the realtor. It is further undisputed that a written lease was prepared, but never executed by Mezayek. Stool contends that the $800.00 deposit was to induce him to take the property off the market while negotiations were in progress and to reimburse him for his loss of rentals in the event no lease agreement was reached. Mezayek contends that the negotiations between the parties ripened into an oral lease or rental agreement, and that the $800.00 then became a security agreement under the deposit of their application agreement and as defined by article 5236e. Mezayek further contends that the deposit was wrongfully withheld by Stool when Mezayek ultimately declined to execute the written lease tendered him by Stool.

The trial court, over Stool's timely objection to the court's failure to submit the precise and controlling issue of the existence of a rental agreement, submitted the following sole issue to the jury:

SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that the $800.00 payment paid by Louay Mezayek was a security deposit or an application deposit?

Answer by stating one of the following:

a. "It was a security deposit."

or

b. "It was an application deposit."

ANSWER: *Security deposit*

In connection with Special Issue No. 1 the trial court also instructed the jury that a "security deposit" was a deposit to secure full or partial performance of a rental agreement for residential premises. The jury found the $800.00 to be a security deposit. Mezayek argues that such finding was tantamount to a finding of a rental agreement because of the instruction and contends that the finding of a rental agreement may be implied.

Tex.R.Civ.P. 279 governs the submission of special issues. Its provisions, pertinent to this appeal, are:

Rule 279. Submission of Issues

When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence.... Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue. Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; *provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party....*

*Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived;* but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.... [emphasis added]

Rule 279 was amended March 31, 1941, effective September 1, 1941. Speaking to omitted issues and presumed findings in General Commentary 1966 to Rule 279, J.B. Dooley in his article, "The Use of Special Issues Under the New State and Federal Rules," 20 Texas L.Rev. 32 (1941), quotes Judge James P. Alexander's statement given in a lecture before the judicial section of the State Bar of Texas in July of 1941, for the proposition that the first sentence of the last paragraph of Rule 279 is substantially the same rule as that announced in *Wichita Falls and Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79 (Tex.1940). Judge Alexander stated that "it was not the intention of the committee to make any change in the rule, but merely to announce it as it had been formulated by the court. Under this rule, if a ground of recovery or of a defense is wholly ignored or neglected, and no issue is submitted or requested thereon, it will be held to have been waived and no recovery or defense can be based thereon."

In *Pepper,* the court recognized a marked conflict of decisions in our state as to practice and procedures related to submission of special issues. After a lengthy discussion of the conflicting case law, the court defined an ultimate fact as one essential to the right of action and necessary to form the basis of a judgment and held that it was

the duty of the court to submit such an issue to the jury. The court further held that it was a fundamental principle that in a case before a jury each litigant had a legal right to a jury's finding on an ultimate fact sufficient to form the basis of a judgment, that the power of the judge to make findings of facts where none are submitted to the jury does not extend to ultimate or essential facts, that no duty rests on the plaintiff to submit defensive issues which would support a judgment for defendant, and, likewise, that no duty rests on defendant to present such issues as are essential to a recovery by the plaintiff. Failure of either party to request the proper submission of an ultimate issue is a failure of the burden placed upon him by law, and no waiver can be imposed to the other party for such failure.

This case was fully developed at trial. The essential fact, necessary to support a judgment for plaintiff, was the existence of a rental agreement. Defendant timely objected to the trial court's failure to submit the controlling issue and then timely filed his Motion for Judgment Non Obstante Veredicto. When no objection or request concerning omitted special issues are made, they will be deemed found in support of the judgment, *Wells v. Burns,* 480 S.W.2d 31 (Tex.Civ.App.—El Paso 1972, no writ); however, a different rule prevails when proper complaint is made that the issue as submitted is not controlling. It is incumbent on a party to submit a substantially correct issue which raises each element of a ground of recovery or defense. Rule 279; *Grubb v. Grubb,* 525 S.W.2d 38 (Tex.Civ. App.—El Paso 1975, writ ref'd n.r.e.); *Merchandise Mart, Inc. v. Marcus,* 483 S.W.2d 893 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.). Furthermore, favorable jury findings on some of the elements of a cause of action or a defense are of no effect where necessary issues are omitted and proper complaint is made by the opposing party. *Grubb,* 525 S.W.2d at 43.

It was Mezayek's burden to establish the existence of a rental agreement and his failure to obtain a jury finding on that fact,

in light of Stool's timely objection, is fatal to his recovery.

Reversed and rendered.