**REVERSE and RENDER and Opinion Filed June 1, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01055-CV

## VIRTUOLOTRY, LLC AND RICHARD BOYD, Appellants
## V.
## WESTWOOD MOTORCARS, LLC, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-14833**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Smith
Opinion by Justice Schenck

This appeal involves a commercial lease dispute. Following a jury trial, the district court entered judgment in favor of appellee Westwood Motorcars, LLC (Westwood) on its constructive eviction claim against Richard Boyd ("Boyd") and its breach of contract claim against Virtuolotry, LLC ("Virtuolotry"). In ten issues, Boyd and Virtuolotry urge the trial court erred (1) (2) in awarding compensatory and exemplary damages against Boyd, (3) (4) in entering a judgment against both when the lease agreement's extension provision was an unenforceable agreement to agree, and Westwood Motorcars abandoned the lease premises, (5) in awarding Westwood damages that were incurred by Westwood Motors, LLC, an entity distinct from

Westwood, (6) in entering a judgment against them when Westwood failed to provide a timely written notice of default, (7) in granting Westwood summary judgment on the issue of whether Virtuolotry provided Westwood written notice of default, (8) (9) in awarding Westwood a double recovery of lost profits and additional rent and without testimony from a qualified expert, and (10) in awarding Westwood attorney's fees. Because we conclude no evidence supports at least one element of Westwood's constructive eviction and breach of contract claims, we resolve appellants' fourth issue in their favor, and reverse and render judgment that Westwood take nothing. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In June 2015, Virtuolotry purchased certain commercial property (the "Premises") in which Westwood was a tenant. After one extension of the lease term, Westwood's tenancy was set to expire on December 31, 2015. An addendum to the lease allowed the parties to extend the lease term for two additional years, at a monthly rental rate to be agreed upon by the parties at least 90 days prior to the expiration of the lease, with a maximum increase of 15% from the prior term. A renewal of the lease term was to be effective upon notice of renewal unless the lease had been previously terminated or the tenant was in breach of the lease.

On August 25, 2015, Westwood gave notice to Virtuolotry that it wished to extend the lease. Virtuolotry rejected Westwood's renewal of the lease claiming it was in breach of same.

On December 9, 2015, Westwood filed suit against Virtuolotry in the district court seeking a declaratory judgment that it had not breached the lease and had properly extended same for an additional two years.

On December 31, 2015, Virtuolotry filed a petition for eviction with the Justice of the Peace and prevailed. Westwood appealed that decision to the county court. On February 29, 2016, Westwood provided notice to Virtuolotry that it would leave the Premises at the end of March 2016 and withdrew its appeal, stating it was doing so "[i]n an effort to avoid wasting the resources of both the parties and the Court." On March 22, Virtuolotry locked Westwood out of the Premises. On March 23, Westwood obtained an ex parte writ of reentry. On March 24, the county court signed an "Agreed Judgment" in which "the Parties stipulate[d] and agree[d] . . . that possession of the Premises is awarded to [Virtuolotry]" and that "the Clerk of the Court issue a writ of possession to [Virtuolotry]." On March 25, Westwood removed its vehicles from the Premises.

On October 17, 2016, Westwood amended its petition in the district court adding Boyd as a defendant and asserting Virtuolotry breached the lease by terminating same, not acknowledging the renewal of the lease, entering the Premises without permission, and failing to return the security deposit and Virtuolotry and

Boyd constructively evicted Westwood from the Premises. Further amendments to Westwood's pleadings did not materially change the allegations against appellants.

The district court case proceeded to a several day jury trial in February 2019. The jury found Virtuolotry breached the lease and caused Westwood damages of $463,356 for lost profits, $308,875 for the lost benefit of the bargain under the lease, and $11,500 for its security deposit. The jury also found Virtuolotry and Boyd constructively evicted Westwood, resulting in damages of $23,331.37 for relocation expenses and warranting the imposition of exemplary damages against Boyd in the amount of $538,036.19. On May 20, 2019, the trial court signed a judgment in favor of Westwood and against Virtuolotry in the amount of $783,731 for breach of contract, and against Boyd for $23,331.37 in actual damages and $200,000 in exemplary damages.[1] The trial court awarded Westwood attorney's fees in the amount of $352,444 as well as interest and costs. Appellants appeal the district court's judgment.

## DISCUSSION

In its fourth issue, appellants urge that, by agreeing to the judgment in the appeal of the order entered by the Justice of the Peace, Westwood voluntarily

---

[1] The trial court applied the statutory cap on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b) (capping exemplary damages at the greater of (1) noneconomic damages plus two times economic damages, or (2) $200,000).

abandoned the premises extinguishing any claim for damages.[2] In doing so, appellants rely on this Court's decision in *Kemp v. Brenham*. No. 05-18-01377-CV, 2020 WL 205313 (Tex. App.—Dallas Jan. 14, 2020, pet. denied) (mem. op.). The tenant in *Kemp* vacated the leased premises only after being lawfully evicted, which this Court concluded conclusively established that Brenham had not abandoned the property as a direct consequence of the landlord's acts.[3] *Id.* at *3.

In abandoning its appeal of the Justice of the Peace's judgment, Westwood agreed to the issuance of writ of possession to Virtuolotry and did not identify any act of Virtuolotry or Boyd as being the cause for its decision to abandon its appeal and agreement to vacate the Premises and award Virtuolotry possession of same. Thus, like the tenant in *Kemp*, Westwood was subject to a lawful eviction, and it could no longer establish it suffered any damages as a result of Virtuolotry or Boyd's actions.

Moreover, at the time Westwood voluntarily agreed to the judgment in the county court case, affirmatively representing Virtuolotry had the lawful right to

---

[2] Westwood points out that the trial court denied appellants' request for leave to amend their answer to assert the affirmative defense of res judicata and that appellants do not challenge that ruling on appeal. Appellants respond that they are not relying on the defense of res judicata and are instead asserting Westwood cannot establish the essential element of damages to support its constructive eviction and breach of contract claims. Accordingly, we need not determine whether Westwood's claims merged into the agreed judgment and thus are barred by res judicata. We instead confine our analysis to the abandonment issue.

[3] To establish a claim for constructive eviction, a tenant must prove (1) the landlord intended the tenant no longer enjoy the premises, (2) the landlord's acts substantially interfered with the tenant's use and enjoyment of the premises, (3) the tenant was permanently deprived of use and enjoyment of the premises, and (4) the tenant abandoned the premises within a reasonable time. *Metroplex Glass Ctr., Inc. v. Vantage Props., Inc.*, 646 S.W.2d 263, 265 (Tex. App.—Dallas 1983, writ ref'd n.r.e.).

possession, it was actively litigating its asserted right of continued possession in the district court case. By admitting Virtuolotry had the right to possession, without qualification, Westwood effectively abandoned its constructive eviction claim. *See Houston v. DTN Oper. Co. LLC*, No. 4:17-CV-00035, 2017 WL 4653246 at \*9 (E.D. Tex. Sept. 17, 2017) (when tenant moves out without protest, there is no eviction).; *Quitta v. Fossati*, 808 S.W.2d 636, 643 (Tex. App.—Corpus Christi–Edinburg 1991, writ denied) (same).

With respect to Westwood's assertion that Virtuolotry breached the lease, the jury charge included the question, "Did Virtuolotry, LLC fail to comply with the COMMERCIAL LEASE" and with the trial court having instructed the jury that Virtuolotry "failed to comply with the COMMERCIAL LEASE if Virtuolotry, LLC materially interfered with Westwood Motorcars, LLC possession and use of the leased premises." By admitting Virtuolotry had the right of possession, and agreeing to a writ of possession, Westwood is precluded from recovering damages as a result of an alleged breach premised on the issue of possession. *See e.g., Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 470 (Tex. App.—El Paso 1994, writ denied).

We sustain Virtuolotry and Boyd's fourth issue and pretermit consideration of their remaining issues. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment awarding Westwood damages and render judgment that Westwood take nothing on its constructive eviction and breach of contract claims.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191055F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VIRTUOLOTRY, LLC AND
RICHARD BOYD, Appellants

No. 05-19-01055-CV      V.

WESTWOOD MOTORCARS, LLC,
Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-15-14833.
Opinion delivered by Justice
Schenck. Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

Westwood Motorcars, LLC take nothing on its claims against Viruolotry LLC and Richard Boyd.

It is **ORDERED** that appellant VIRTUOLOTRY, LLC AND RICHARD BOYD recover their costs of this appeal from appellee WESTWOOD MOTORCARS, LLC.

Judgment entered this 1st day of June 2022.