**Affirmed in Part, Reversed and Rendered in Part, and Opinion
Filed September 6, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00166-CV**

**ALNA PROPERTIES II, LLC, Appellant**

**V.**

**TYRA COBB, INDIVIDUALLY AND AS NEXT FRIEND OF N.F., A
MINOR, AND QUENTIN PRINCE, Appellees**

**On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-14895**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Breedlove

Appellant ALNA Properties II, LLC (ALNA) appeals an adverse judgment

following a jury trial. ALNA maintains judgment should be rendered in its favor on

appellee Tyra Cobb's[1] claim for breach of the implied warranty of quiet enjoyment

and appellee Quentin Prince's premises liability claim. On this record, we conclude

the judgment for Cobb on her implied warranty claim should be reversed and a take

---

[1] Appellee Tyra Cobb sued ALNA in her individual capacity and as next friend of her minor child, N.F. We refer to Cobb and N.F. collectively as Cobb.

nothing judgment rendered against her on that claim. As for Prince's claim for premises liability, we conclude the judgment should be reversed and a take nothing judgment rendered against him on that claim.

## BACKGROUND

Jonathan Davis and Tyra Cobb were next door neighbors in Seagoville, Texas. Davis and Cobb leased their residences from ALNA as part of a Dallas Housing Authority (DHA) housing voucher program. Prince is Cobb's former boyfriend and the father of her two adult children. This case arose after Cobb and her daughter, N.F., witnessed Davis shoot Prince in front of their home. Davis and Cobb had been involved in an ongoing feud for months leading up to the July 12, 2018 shooting.

Cobb sued ALNA on behalf of herself and N.F. for breach of the implied warranty of quiet enjoyment. She also sued ALNA for bad faith retention of a security deposit. Prince brought a premises liability claim against ALNA. Cobb and Prince sued Davis for assault but they non-suited those claims before trial. After a four-day jury trial, the jury found in favor of Cobb and N.F. on their claims. As for Prince's premises liability claim, the jury proportioned responsibility between ALNA (30%), Davis (50%), and Prince (20%). The trial court rendered judgment on the verdict, and this appeal followed.

## STANDARD OF REVIEW

ALNA challenges the legal sufficiency of the evidence supporting the adverse judgment on Cobb's implied warranty claim and Prince's premises liability claim.

–2–

When addressing a challenge to the legal sufficiency of the evidence to support the jury's findings, we review the entire record, credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005); *Henson v. Reddin*, 358 S.W.3d 428, 434 (Tex. App.—Fort Worth 2012, no pet.); *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 842 (Tex. App.—Dallas 2011, no pet.). If there is more than a scintilla of evidence to support the finding, the evidence is legally sufficient. *Morris*, 334 S.W.3d at 842.

ALNA also raises two questions of law, which we review de novo. *Arbor Windsor Ct., Ltd. v. Weekley Homes, LP*, 463 S.W.3d 131, 136 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (review of a trial court's entry of judgment on a jury verdict presents a pure question of law reviewed de novo); *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 460 (Tex. App.—Dallas 2007, pet. denied) (existence of duty is a question of law reviewed de novo); *Christian Care Ctrs., Inc. v. O'Banion*, No. 05-12-01407-CV, 2015 WL 5013615, at *2 (Tex. App.—Dallas Aug. 25, 2015, no pet.) (mem. op.) (a property owner's duty is decided by the court as a question of law and is dependent on factors like foreseeability, risk of injury, and the burden on the owner) (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)).

## ANALYSIS

ALNA brings five issues on appeal. The first four issues challenge the judgment in favor of Cobb on her claim for breach of implied warranty of quiet

enjoyment of a leased premises. The fifth issue challenges the judgment for Prince on his premises liability claim.

## I. Abandonment of premises

In its first four issues, ALNA contends the judgment in favor of Cobb should be reversed because there is no jury finding of abandonment and no evidence Cobb and N.F. abandoned the premises before the completion of Cobb's lease. We agree.

To prevail on a claim for breach of the implied warranty of quiet enjoyment, Cobb was required to prove the following:

1. An intention of the landlord that the tenant no longer enjoy the premises;

2. A material act by the landlord that substantially interferes with the intended use and enjoyment of the premises;

3. The act permanently deprives the tenant of the use and enjoyment of the premises; and

4. The tenant abandons the premises within a reasonable time after the commission of the act.

*Coleman v. Rotana, Inc.*, 778 S.W.2d 867, 872 (Tex. App.—Dallas 1989, writ denied) (citing *Metroplex Glass Ctr., Inc. v. Vantage Props., Inc.*, 646 S.W.2d 263, 265 (Tex. App.—Dallas 1983, writ ref'd n.r.e.)). The landlord's intent may be inferred from the circumstances. *Id.* The elements of a breach of the warranty of quiet enjoyment are the same as the elements of a constructive eviction claim. *Daftary v. Prestonwood Mkt. Square, Ltd.*, 404 S.W.3d 807, 816 (Tex. App.—Dallas 2013, pet. denied) (citing *Lazell v. Stone*, 123 S.W.3d 6, 12 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)).

–4–

ALNA contends the judgment for Cobb must be reversed because Cobb failed to obtain a jury finding of abandonment. Abandonment is an essential element of a claim for breach of the implied covenant of quiet enjoyment. *See Bagby 3015, LLC v. Bagby House, LLC*, No. 01-22-00463-CV, – S.W.3d – , 2023 WL 3512066, at *6 (Tex. App.—Houston [1st Dist.] May 18, 2023, no pet.). The failure to obtain a jury finding of abandonment is, therefore, fatal to Cobb's claim. *See Stool v. Mezayek*, 646 S.W.2d 318, 320 (Tex. App.—Dallas 1983, no writ) (failure to obtain jury finding on issue for which party had burden of proof was fatal to his recovery); *see also Phillips v. United Heritage Corp.*, 319 S.W.3d 156, 167–68 (Tex. App.—Waco 2010, no pet.) (failure to request and obtain affirmative jury findings of actual fraud is fatal to recovery).

ALNA also argues the evidence was legally insufficient to support a finding of abandonment. Our court consistently requires proof of abandonment to establish breach of the implied warranty of quiet enjoyment. *See Kemp v. Brenham*, No. 05-18-01377-CV, 2020 WL 205313, at *3 (Tex. App.—Dallas Jan. 14, 2020, pet. denied) (mem. op.); *see also Leon's Fine Foods of Tex., Inc. v. Merit Inv. Partners, Ltd.*, No. 05-97-00543-CV, 2000 WL 1048491, at *4 (Tex. App.—Dallas July 31, 2000, pet. denied) (mem. op., not designated for publication). Here, Cobb testified she "never abandoned" the lease and she and N.F. continued living in the apartment until her lease terminated in October 2018. This evidence conclusively showed Cobb

and N.F. did not abandon the lease. The evidence was, therefore, legally insufficient to support a judgment for Cobb on the implied warranty claim.

Cobb contends she was not required to prove abandonment because she was not defending a claim for unpaid rent. Cobb relies on an opinion from the Thirteenth Court of Appeals to support this argument. *See Goldman v. Alkek*, 850 S.W.2d 568, 572 (Tex. App.—Corpus Christi–Edinburg 1993, no writ), *as amended on reh'g* (Mar. 11, 1993). We find *Goldman* inapplicable here for multiple reasons.

First, *Goldman* is distinguishable from this case because it addresses a claim for the express warranty of quiet enjoyment. *Id.* at 571. Here, Cobb asserted a claim for the implied warranty of quiet enjoyment. Similarly, *Goldman* is factually distinguishable. In *Goldman*, the commercial tenant claimed the lessors violated the express warranty of quiet enjoyment by demanding additional monies they knew were not due and owing under the lease. *Id.* The *Goldman* court held the tenant was not required to prove "abandonment of premises" under those specific facts and limited the holding to a claim for breach of the express warranty of quiet enjoyment. *Id.* at 572. No such allegations were made here. Moreover, even if *Goldman* could be read to apply for an implied warranty claim, the case is non-binding authority which conflicts with this Court's precedent. *See*, *e.g.*, *Daftary*, 404 S.W.3d at 816 ("whether a tenant abandons the premises within a reasonable time is generally a question of fact" and "is an issue particularly well-suited to the jury."); *see also Leon's Fine Foods of Tex.*, 2000 WL 1048491, at *4 (affirming directed verdict for

landlord on the issue of breach of covenant of quiet enjoyment because tenant never abandoned the premises and remained until its lease expired). Finally, *Goldman* conflicts with recent precedent from the Thirteenth Court if its holding is expanded to apply in cases like the one at bar. *E.g.*, *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 204 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (abandonment is a required element of a claim for breach of implied warranty of quiet enjoyment). We decline to apply *Goldman* here.

Cobb was required to prove abandonment and obtain a jury finding of abandonment to recover on her implied warranty claim. She failed to do either. The evidence conclusively showed Cobb and N.F. did not abandon the lease, and the jury made no finding of abandonment. Accordingly, under this record, we conclude the evidence was legally insufficient to support the judgment in favor of Cobb on her implied warranty claim. We sustain ALNA's first four issues, reverse the judgment in favor of Cobb on the breach of implied warranty claim, and render a take nothing judgment against Cobb on that claim.

## II.    Bad Faith Retention of Security Deposit

The jury also found ALNA retained $180.00 of Cobb's security deposit in bad faith. In the trial court, Cobb asked the court to award her statutory damages of $640.00 for the bad faith retention of the security deposit, which consisted of $100.00 plus three times the portion of the deposit retained in bad faith. *See* TEX.

PROP. CODE § 92.109(a) ("A landlord who in bad faith retains a security deposit in violation of this subchapter is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit."). Cobb also asked the trial court to award her prejudgment interest of $5,538.36 on the bad faith retention claim. The final judgment includes those awards. ALNA does not challenge the jury finding of bad faith retention or the trial court's award of damages and prejudgment interest on that claim. Accordingly, we affirm the trial court's award of $640.00 as damages for bad faith retention of the security deposit plus prejudgment interest on that amount.

## III.   Prince's Premises Liability Claim

In its final issue, ALNA argues the evidence was legally insufficient to support the judgment for Prince on his premises liability claim because ALNA did not owe Prince a duty to protect him against the criminal acts of third parties. "Whether a duty exists is a question of law for the court and turns on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant." *Del Lago Partners, Inc.*, 307 S.W.3d at 767 (internal quotation omitted). "In premises-liability cases, the scope of the duty turns on the plaintiff's status." *Id.*[2]

---

[2] ALNA argued at trial that Prince was a "licensee." However, on appeal, ALNA does not rely on that argument, and instead, argues that even if Prince were an invitee, there was no duty owed by ALNA because the criminal acts of third party, Davis, were not foreseeable. We need not address whether the trial court erred in denying ALNA's motion for directed verdict on the issue of "licensee" versus "invitee" because even under the higher liability standard applicable to an invitee, we find that ALNA did not owe a legal duty to Prince.

"Generally, property owners have no legal duty to protect persons from third-party criminal acts." *UDR Texas Props., L.P. v. Petrie,* 517 S.W.3d 98, 100 (Tex. 2017). "But a property owner who controls the premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Id.* (internal quotation omitted).

Courts consider the following factors to determine whether the criminal conduct of a third party is foreseeable:

> (1) Proximity–whether any criminal conduct previously occurred on or near the property; (2) recency–how recently such conduct occurred; (3) frequency–how often such conduct occurred; (4) similarity–how similar the prior conduct was to the conduct that occurred on the property; and (5) publicity–whether any publicity surrounded the occurrences to indicate that the property owner knew or should have known about them.

*See Wang v. Trea Churchill on the Park, LLC*, No. 05-21-00880-CV, 2022 WL 13811953, at *3 (Tex. App.—Dallas Oct. 24, 2022, pet. denied) (mem. op.) (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 757 (Tex. 1998)). The *Timberwalk* factors only "guide courts in situations where the premises owner has no direct knowledge that criminal conduct is imminent, but the owner may nevertheless have a duty to protect invitees because past criminal conduct made similar conduct in the future foreseeable." *See Del Lago Partners, Inc.*, 307 S.W.3d at 768.

The standard articulated in *Del Lago*, rather than the *Timberwalk* factors, applies when there is a legal duty to protect against criminal acts of third parties due to "immediately preceding conduct." *Id.* at 769. In *Del Lago*, security forces removed an unruly patron from a resort bar during a fraternity reunion, and then the following night, the fraternity party continued in the same bar while the same security officers were present. *Id.* at 765. While at the bar, for at least an hour and a half, there was a verbal and physical exchange between the fraternity group and an unrelated wedding party. *See id.* at 769. During that time, the bar continued to serve the "drunk rivals who were engaged in repeated and aggressive confrontations." *Id.* The bar staff attempted to close the bar and "push[ed] the hostile parties out of the bar through the exit, prompting a free-for-all." *Id* at 766. The court held that the bar owner owed a legal duty to protect invitees from the criminal activity that transpired because it had "actual and direct knowledge that a violent brawl was imminent between drunk, belligerent patrons and had ample time and means to defuse the situation." *See id.* at 769.

In both briefing to this court and in oral argument, Prince concedes that the evidence does not satisfy the *Timberwalk* factors, and therefore, "[t]his is not a *Timberwalk* case." In light thereof, in order for Prince to establish ALNA owed a legal duty, he must show that ALNA had control of the premises and that there was evidence of "immediately preceding" criminal conduct that gave rise to a legal duty to protect against the July 12 shooting. *See id.* at 768-69. The record does not

contain evidence that ALNA had a means to diffuse the violent outbreak on July 12 that led to the shooting, and without such evidence, Prince cannot establish that ALNA had sufficient control over the premises. However, even if there were evidence to support a finding that ALNA controlled the premises, he failed to present evidence that there was an "immediately preceding" criminal act, as required by *Del Lago*, the standard Prince seeks to rely on here.

While there is evidence that ALNA received numerous complaints concerning Davis, many of the complaints involved allegations that Davis was using illegal drugs, walked around indecently, and otherwise engaged in disruptive conduct. Prince's reliance on complaints against Davis that do not involve similar criminal conduct are not relevant to foreseeability. See *Wang,* 2022 WL 13811953, at *3 ("Although prior crimes need not be identical to establish foreseeability, the previous crimes must be sufficiently similar to the crime in question to place the party who owns or controls the premises on notice of the specific danger."). Therefore, we consider only the evidence of similar misconduct.

Prince cites various instances in the year before the shooting of complaints about Davis, but none of those instances occurred "immediately preceding" the incident in question. On August 15, 2017, Cobb sent an email to ALNA complaining that she overheard Davis tell someone to "get a gun" when he was arguing with a different neighbor about a tree stump. On September 5, 2017, neighbor Cynthia Black emailed ALNA to complain that "the guy in [Davis' residence] shot at the guy

one door over from me." On April 3, 2018, Cobb complained to ALNA that she heard gun shots and that she believed Davis pulled out a gun on the "guy that came out to inspect." On or about April 6, 2018, ALNA received a complaint that Davis was shooting his gun at 2:00 a.m.

None of these complaints are analogous to the bar brawl in *Del Lago*, which was immediately preceded by similar instances of violence. We decline to interpret events that transpired months before the shooting as "immediately preceding conduct" because such an interpretation would make indistinguishable the *Timberwalk* test (pattern of past criminal conduct is one of four factors considered in the legal duty analysis) and the *Del Lago* test (legal duty may exist absent a pattern of past criminal conduct that made similar conduct in the future foreseeable). Because the record is devoid of a single instance of similar misconduct that "immediately preced[ed]" the shooting on July 12, 2018, we conclude there is legally insufficient evidence to establish ALNA owed Prince a duty to protect him against the criminal acts of third parties. *See Del Lago Partners, Inc.*, 307 S.W.3d at 768–69 (while prior criminal acts are applicable under the *Timberwalk* factors, only "immediately preceding conduct" is relevant under the *Del Lago* standard).

Accordingly, we sustain ALNA's second issue.

## CONCLUSION

The record conclusively established Cobb and N.F. did not abandon the property, and the jury made no finding of abandonment. Accordingly, we reverse

–12–

the judgment for Cobb and N.F. on their implied warranty claim and render a take nothing judgment against them on that claim. ALNA does not challenge the jury finding of bad faith retention of Cobb's security deposit or the trial court's award of damages and prejudgment interest on that claim. We, therefore, affirm the judgment for Cobb on her wrongful retention claim of $640.00 plus prejudgment interest. We reverse the trial court's judgment as to Prince's premises liability claim and render judgment that Prince take nothing on the claim.

220166f.p05

/Maricela Breedlove
MARICELA BREEDLOVE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALNA PROPERTIES II, LLC,
Appellant

No. 05-22-00166-CV     V.

QUENTIN PRINCE AND TYRA
COBB INDIVIDUALLY AND AS
NEXT FRIEND OF N.F., A MINOR,
Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-14895.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part.

We **REVERSE** the portion of the trial court's judgment awarding damages to appellee Tyra Cobb, individually and as next friend of N.F., a minor, on her implied warranty claim and **RENDER JUDGMENT** that she take nothing on that claim.

We **REVERSE** the portion of the trial court's judgment awarding damages to appellee Quentin Prince on his premises liability claim and **RENDER JUDGMENT** that he take nothing on that claim.

In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellant ALNA Properties II, LLC recover its costs of this appeal from appellees Quentin Prince and Tyra Cobb, Individually and as next friend of N.F., a minor.

Judgment entered this 6th day of September, 2023.