

# NUMBER 13-22-00312-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

COUNTY OF HIDALGO, TEXAS,                                          Appellant,

v.

ALMA MENDOZA PEREZ, INDIVIDUALLY,
LESLIE MARIAH VILLALPANDO,
INDIVIDUALLY, JUAN NAYTHON
TAMEZ, INDIVIDUALLY AND A/N/F OF
A.V.T., A MINOR,                                                  Appellees.

On appeal from the County Court at Law No. 8
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides

Appellant Hidalgo County appeals from the denial of a plea to the jurisdiction on

appellees' claims for personal injury and property damage allegedly caused by debris that

fell from the "trailer load" of a County-operated vehicle. On appeal, the County contends that appellees' pleadings were jurisdictionally defective because they failed to specifically cite a waiver of immunity under the Texas Tort Claims Act (TTCA) or allege facts that fall within any such waiver.[1] We affirm.

## I.    BACKGROUND

In their live petition, appellees Alma Perez, Leslie Villalpando, and Juan Tamez alleged that they and a minor passenger were traveling behind a County-operated "2008 Peterbilt" on Interstate 69C when, "suddenly and without warning, a piece of plastic flew from [the vehicle's] trailer load[,] thus causing the incident that forms the basis of this lawsuit." Among other acts and omissions, appellees alleged that the County employee operating the vehicle failed to safely secure his load for transport. The petition does not expressly invoke a waiver of immunity under the TTCA.

The County filed a plea to the jurisdiction generally asserting that appellees failed to state a claim under § 101.021 of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. The County acknowledged that § 101.021 includes claims for personal injury and property damage caused by a government employee's negligent "operation or use of a motor-driven vehicle." *Id.* § 101.021(1)(A). The County also acknowledged that the incident in question occurred while County employee "Jose Garcia was driving a Hidalgo County owned Peterbilt roll-off truck," which the County later likened to "a trash truck."

---

[1] In the "Issues Presented" section of its brief, the County lists its first issue as whether "the evidence presented conclusively established that [appellees] failed to properly assert a waiver of immunity under § 101.021 of the TTCA." We assume this statement was inadvertent because the County's plea to the jurisdiction only challenged the appellees' pleadings and neither party presented jurisdictional evidence. In the argument section of its brief, however, the County initially discusses appellees' failure to specifically cite the TTCA in their pleadings. We have interpreted this as the County's first sub-issue.

The County summarily stated that § 101.021(1) did not apply to appellees' claims but did not explain why Garcia's alleged failure to safely secure his load for transport on a public highway did not constitute negligent "operation or use of a motor-driven vehicle."

Appellees filed a response arguing that Garcia owed a legal duty to other motorists to safely secure his load. Appellees then expressly cited § 101.021(1) and argued that, under a plain reading of the statute, their claims fell within the waiver because (1) it was undisputed that Garcia was driving the vehicle at the time of the incident, (2) his failure to secure the load for transport was part of safely operating the vehicle, and (3) Garcia's negligence proximately caused their injuries.

The County filed a reply arguing for the first time that there was no nexus between the operation or use of the motor-vehicle and appellees' injuries. According to the County, the operation of the vehicle merely furnished the condition that made the injuries possible because the falling debris "caused the damage," not Garcia's operation or use of the vehicle.

During the hearing, the County also suggested that appellees' pleadings were necessarily defective because they failed to expressly invoke the TTCA. Appellees responded that they were only required to plead facts that fall within a waiver of immunity, and regardless of whether they "use[d] the magic words, Texas Tort Claims Act" in their pleadings, the County clearly understood "that this [wa]s an accident involving a vehicle owned by the County." Appellees reaffirmed that they were relying on § 101.021(1) and explained why their claims fell within the waiver. The trial court denied the plea, and this interlocutory appeal ensued. *See id.* § 51.014(a)(8).

## II.   STANDARD OF REVIEW & APPLICABLE LAW

Subject matter jurisdiction is essential to a court's authority to decide a case. *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020) (original proceeding) (per curiam) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is generally a question of law we review de novo. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016).

Sovereign immunity is a common-law doctrine that protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for the State's political subdivisions, including its counties. *Hillman v. Nueces County*, 579 S.W.3d 354, 357 (Tex. 2019).

Immunity generally exists unless it has been waived by statute or the Texas Constitution. *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 600 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). The TTCA provides a limited waiver of immunity for certain tort claims against governmental entities, including a claim for vicarious liability that "arises from" a government employee's negligent "operation or use of a motor-driven vehicle" if the employee would otherwise be liable to the claimant under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

It is the plaintiff's initial burden to plead facts that affirmatively demonstrate the trial court's subject matter jurisdiction, and we review this question as a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Thus, when suing

4

a governmental entity for tort liability, the plaintiff establishes the trial court's jurisdiction by alleging facts that fall within a waiver of immunity under the TTCA. *See Reaves*, 518 S.W.3d at 600. A governmental entity may challenge the sufficiency of the plaintiff's pleadings in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 226.

In conducting our review, we construe the pleadings liberally, accept the plaintiff's allegations as true, and look to the plaintiff's intent. *Id.* If the pleadings are deficient but do not demonstrate an incurable defect, then the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend their pleadings. *Id.* at 226–27.

### III. ANALYSIS

### A. The pleadings are not jurisdictionally infirm for failing to cite the TTCA

In its first sub-issue, the County faults appellees for "failing to refer to the TTCA" in their pleadings. According to the County, failing to expressly cite a waiver of immunity renders a pleading jurisdictionally defective regardless of the facts alleged. We agree with appellees that the County is placing form over substance.

Generally, "[a] plaintiff is required to plead *facts* invoking a waiver of immunity, not to use particular magic words." *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 233 n.3 (Tex. App.—Fort Worth 2003, pet. denied) (emphasis added); *see also Lara v. Tex. Dep't of Crim. Just.*, No.13-11-00510-CV, 2012 WL 2861647, at *3–5 (Tex. App.—Corpus Christi– Edinburg July 12, 2012, no pet.) (mem. op.) (rejecting the notion that a pleading was jurisdictionally defective merely because it failed to "address the issue of appellees' immunity [or] assert a basis for waiver of immunity" and instead focusing on the facts alleged in the petition to determine the trial court's jurisdiction). Invoking a specific waiver

5

in a pleading may be helpful to frame any potential jurisdictional challenge, but the trial court's jurisdiction is ultimately determined by the facts alleged, and in this case, it was evident from the facts alleged that § 101.021(1) was the relevant waiver.

To be sure, the County itself identified § 101.021(1) as the potentially applicable waiver in its plea, arguing that, although the incident admittedly occurred while Garcia was driving a County vehicle, appellees had nonetheless failed to state a claim under the waiver. For their part, the appellees confirmed in their response to the plea and during the jurisdictional hearing that they were relying on § 101.021(1). Therefore, the trial court had all the necessary information to "determine if the pleader ha[d] alleged facts that affirmatively demonstrate[d] the court's jurisdiction to hear the cause." *See Miranda*, 133 S.W.3d at 226. The County's first sub-issue is overruled.

## B.    The pleadings state a claim under § 101.021(1)

By its second sub-issue, the County generally asserts that appellees "failed to allege facts that would constitute a waiver of immunity." In the trial court, the parties argued about whether the pleadings satisfied particular requirements of § 101.021(1). However, in its brief to this Court, the County has not presented any of those specific arguments. *See* TEX. R. APP. P. 38.1(i) (requiring the appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Nevertheless, in our sole discretion, we will accept the County's generalized argument and address why the appellees' pleadings satisfied each requirement of § 101.021(1), including the vehicle-use requirement, the "arises from" requirement, and the personal liability requirement. *See* TEX. CIV. PRAC. & REM. CODE

ANN. § 101.021(1).

### 1. The pleadings satisfy the vehicle-use requirement

To satisfy § 101.021(1), the government employee must be actively engaged in "the operation or use of a motor-driven vehicle." *Id.* § 101.021(1)(A). The Supreme Court of Texas has said that courts must "strictly construe section 101.021's vehicle-use requirement," *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam), but has also cautioned that courts should not engage in overly technical constructions of "operation" or "use" that are contrary to "the everyday experience of driving." *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 303 (Tex. 2019). For a plaintiff to satisfy the vehicle-use requirement, "the government employee must have been actively operating the vehicle at the time of the accident," "the vehicle must have been used as a vehicle" and not for some other purpose, and "the tortious act alleged must relate to the defendant's operation of the vehicle rather than some other aspect of the defendant's conduct." *Ryder*, 453 S.W.3d at 927–28. As to the third element, the high court has explained, for example, that "a driver's failure to supervise children at a bus stop may rise to the level of negligence, but that shortcoming cannot accurately be characterized as negligent operation of the bus." *Id.* at 928. In other words, the vehicle must be more than the mere setting for the defendant's wrongful conduct. *Id.*

Appellees' allegations satisfy the vehicle-use requirement. It is undisputed that Garcia was driving a County vehicle on Interstate 69C when the incident occurred, thus satisfying the first two prongs of the vehicle-use requirement.[2] *See id.* at 927. And just as

---

[2] It is also uncontested that Garcia was a County employee acting within the course and scope of his employment at the time of the incident. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *see also*

failing to engage the emergency brake "is an essential part of the operation or use of the vehicle," we conclude that failing to secure cargo for transport on a commercial vehicle (or any vehicle, for that matter) is an integral part of safely operating the vehicle. *See PHI*, 593 S.W.3d at 306 (rejecting attempt to draw a distinction between "use" and "non-use" of the emergency brake because "[c]orrectly using the brakes is perhaps the most important part of the safe operation of a multi-ton steel object"). Indeed, the Texas Transportation Code and our common law require it. TEX. TRANSP. CODE ANN. § 725.021(a) ("A [commercial] vehicle . . . shall be equipped and maintained as required by this section to prevent loose material from escaping by blowing or spilling."); *Gaber Co. v. Rawson*, 549 S.W.2d 19, 22 (Tex. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) (finding that appellant "had a duty to secure its cargo in a way that would prevent it from falling off the truck and causing havoc on the freeway"); *Hill & Hill Truck Line, Inc. v. Owens*, 514 S.W.2d 74, 77–78 (Tex. App.—Beaumont 1974, writ ref'd n.r.e.) (affirming jury verdict on negligence claim because defendant had a legal duty to secure cargo that fell from its truck and caused plaintiff's injuries).

Further, Garcia's alleged failure to secure his cargo was more than merely incidental to the operation of the vehicle because the very purpose of the vehicle, described by the County as "a trash truck," was to haul the debris that allegedly caused the appellees' damages. *See Rattray v. City of Brownsville*, No. 20-0975, 2023 WL 2438952, at *9 (Tex. Mar. 10, 2023) (concluding that petitioners' pleadings satisfied the

---

*EAN Holdings, LLC v. Arce*, 636 S.W.3d 290, 296 (Tex. App.—Fort Worth 2021, pet. denied) ("Another principle that has developed in vicarious-liability law is a rebuttable presumption that an employee driving a company-owned vehicle is presumed to be in the course and scope of his employment while driving the vehicle." (citing *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971))).

"operation or use" requirement because "[c]losing the gate put it to its intended purpose: blocking water"). Therefore, Garcia's alleged failure to secure his load for transport on a public highway was directly related to his operation of the vehicle. *See Ryder*, 453 S.W.3d at 928.

### 2. Appellees have alleged proximate cause

Appellees must also allege facts demonstrating that their alleged injuries arose from Garcia's negligent use of the vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *Ryder*, 453 S.W.3d at 927. To satisfy the "arises from" requirement, the plaintiff must allege facts that demonstrate a sufficient causal nexus between the employee's negligent operation or use of a motor-driven vehicle and the plaintiff's injuries. *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003). That is, the vehicle's use must have proximately caused the injury rather than merely furnished the condition that made the injury possible. *Rattray*, 2023 WL 2438952, at *10. Consequently, a plaintiff that sufficiently alleges proximate cause satisfies the "arises from" requirement. *Id.*

Proximate cause encompasses two components: cause in fact and foreseeability. *Ryder*, 453 S.W.3d at 929. "Because proximate cause is ultimately a question for a fact-finder, we need only determine whether the petition 'creates a fact question' regarding the causal relationship between [Garcia's] conduct and the alleged injuries." *Id.* (quoting *Miranda*, 133 S.W.3d at 228). Cause in fact is equivalent to but-for causation. *Id.* Therefore, "a tortious act is a cause in fact if [it] serves as 'a substantial factor in causing the injury and without which the injury would not have occurred." *Id.* (quoting *Del Lago*

9

*Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010)).

Here, appellees have satisfied the cause in fact prong by alleging that Garcia's failure to secure his load resulted in debris flying from the trailer of his vehicle, which in turn caused appellees, who were traveling behind Garcia's vehicle at the time of the incident, to suffer property damage and personal injuries. Stated differently, appellees have alleged that their injuries would not have occurred absent Garcia's failure to secure his load during the operation of his vehicle. *See id.*

Appellees' allegations are also sufficient to generate a fact issue regarding foreseeability. "Foreseeability requires only 'that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to someone similarly situated might reasonably have been foreseen.'" *Id.* (quoting *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985)). As previously noted, Garcia owed a legal duty to other drivers to secure his cargo "in a way that would prevent it from falling off the truck and causing havoc on the freeway." *See Rawson*, 549 S.W.2d at 22. This legal duty necessarily encompassed a foreseeable risk of harm to appellees as fellow drivers. *See De Lago*, 307 S.W.3d at 767 (explaining that a legal duty exists when, among other things, the defendant's conduct poses a foreseeable risk of harm to the plaintiff). Based on appellees' allegations, a reasonable juror could find a sufficient nexus between the operation or use of Garcia's vehicle and any injuries suffered by appellees. *See Ryder*, 453 S.W.3d at 929.

### 3. Garcia would be personally liable

Finally, the County is only vicariously liable to the extent that Garcia would be personally liable to appellees according to Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(B). Again, Garcia owed appellees a legal duty to secure his cargo, and his alleged failure to do so would subject him to personal liability for any injuries proximately caused by his negligence. *See Rawson*, 549 S.W.2d at 22; *Owens*, 514 S.W.2d at 77–78. Therefore, because appellees satisfied all the requirements to state a claim under § 101.021(1), the trial court did not err in denying the County's plea. The County's second sub-issue is overruled.

## IV.    CONCLUSION

We affirm the trial court's order.


GINA M. BENAVIDES
Justice


Delivered and filed on the
6th day of April, 2023.